### HOPPER *vs.* HOPPER.

In an answer to a bill for a separation from bed and board, on the ground of cruel treatment, the defendant, although he denies the charge in the complainant's bill, may set up recriminatory charges of misconduct on the part of the complainant.

The defendant in a suit in chancery may, in his answer, set up as many defences as he thinks proper; although he cannot do so by plea. But in a sworn answer he cannot set up two distinct matters, which are so inconsistent with each other that it is impossible that both of them can be true.

The defendant may deny the allegations upon which the complainant's claim to relief is based, and may at the same time set up, in his answer, any other matters, not wholly inconsistent with such denial, as a distinct or separate defence to the suit or to some part of the relief claimed by the bill.

In a suit by the wife for a separation, on account of alleged cruel treatment, it is important that the court should know what has been her conduct towards the defendant, to enable it to decide whether the case is a proper one for a decree of separation. And it seems that the defendant may, in his answer, show any misconduct on her part which was calculated to irritate and provoke him, excite his jealousy, or alienate his affections from her, without thereby rendering his answer impertinent.

In an answer to a bill by the wife, for a separation, nothing will be considered as impertinent, which in any event will be material to the defendant, either as an absolute defence to the suit, or in relation to the question of costs, or the amount of alimony to be allowed, if the complainant succeeds in obtaining a decree for a separation.

THIS was an appeal from a decision of the vice chancellor of the first circuit, disallowing six of the defendant's exceptions to a master's report upon exceptions to the answer. The bill was filed by the complainant against her husband for a decree of separation from bed and board. The answer of the defendant denied that he had been guilty of the cruel treatment alleged in the bill, or of using any violence towards the complainant, unless it was during the time he was deprived of his reason, for about a week, by an inflammation of the brain. The defendant, in his answer, also charged various acts of misconduct on the part of the complainant, which formed the subject of the six last exceptions to the answer for impertinence. The vice chancellor decided that as the defendant had, by his answer, denied every allegation of cruelty, ill treatment and misconduct on his

part, which was charged in the bill, there was nothing for him to justify, palliate or explain in his own conduct towards his wife, and that the charges made by him of misconduct on her part were useless and impertinent. He therefore disallowed the six last exceptions to the master's report, and sustained the corresponding exceptions to the answer. From this part of the decision of the vice chancellor the defendant appealed.

*M. T. Reynolds*, for the appellant.

*J. Rhoades*, for the respondent.

THE CHANCELLOR. If the respondent's denial that he had been guilty of any of the acts of improper and cruel treatment of his wife charged in the bill was, for all purposes, to be conclusive evidence that all the allegations in the bill on that subject were false and unfounded, the charges of misconduct on the part of the complainant would unquestionably be impertinent as well as useless. But a defendant in this court, in an answer, is at liberty to set up as many defences as he pleases. The different parts of his answer, therefore, are not to be construed in the same manner as the different parts of a plea would be in this court, or even in a court of law. Thus in the case of a bill filed for a divorce on the ground of adultery, a recriminatory charge on the part of the defendant would be entirely useless and impertinent, if the denial of the adultery charged in the bill was not subject to be displaced, as a defence, by the testimony in the cause. Yet, in a case of that kind, it has been decided that where a defendant in his answer denies upon oath that he has been guilty of the adultery charged in the complainant's bill, he may in the same answer set up the adultery of the complainant, as a defence to the suit; or any other matter which will be pertinent if the complainant should succeed in proving the allegations contained in the bill. (*Wood* v. *Wood*, 2 *Paige's Rep.* 108. *Dillon* v. *Dillon*, 3 *Curt. Eccl. Rep.* 30.)

Where the defendant is required to swear to the truth of his answer; or at least to his belief of its truth, he cannot set up two

distinct defences therein which are so inconsistent with each other that if the matters constituting one defence are truly stated, the matters upon which the other defence is attempted to be based must necessarily be untrue in point of fact. But the defendant may deny the allegations upon which the complainant's title to relief is founded, and may at the same time set up, in his answer, any other matters, not wholly inconsistent with such denial, as a distinct or separate defence to the claim for relief made by the bill, or to some part thereof.

Here the allegations in the answer, as to the improper intimacy of the wife with another person, with whom she knew her husband was not upon friendly terms, and other conduct calculated to irritate and provoke the husband to acts of violence and unkind treatment, are not inconsistent with his denial that any acts of violence or of cruel treatment on his part have ever taken place. And it is not for the complainant, who has charged her husband with cruel and inhuman conduct towards her, to say it is not necessary for him to set up misconduct on her part which tended to irritate and provoke him to acts of violence. In this stage of the suit it is impossible for the court to say which party has sworn false in relation to the charges in the bill. I cannot, therefore, say there is no necessity for the defendant to set up recriminatory charges in his answer; to enable him to go into proof thereof, in case the complainant should succeed in establishing the allegations in the bill. And if the matters excepted to as impertinent can in any event be material to the defendant, either as an absolute defence to the suit, or in relation to the question of costs, or to the amount of alimony which the complainant should receive in case she succeeds in obtaining a decree for separation, these exceptions to the answer should not have been allowed.

In cases of this kind it is important for the court to know what has been the conduct of the wife towards the husband, as well as what his conduct has been towards her, in deciding the question whether it is a proper case for a decree of separation. I am not, therefore, prepared to say that misconduct on her part which was calculated to irritate and provoke him, or to ex-

cite his jealousy, or to alienate his affections from her, should be considered as useless and impertinent, in an answer to a bill which charges cruelty on his part.

For these reasons the order appealed from must be reversed; and the exceptions to the master's report disallowed by the vice chancellor must be allowed; and all the exceptions to the answer must be overruled. The costs of the defendant upon the reference, and upon the exceptions to the report, and also his costs upon this appeal, must abide the event of the suit.