## SUPREME COURT.

### HOLLENBECK agt. CLOW.

In pleading defences under the Code, a defendant should never be required to elect between a denial of a material allegation in the complaint, authorized by *sub.* 1 of § 149, and new matter constituting a defence under *sub.* 2 of that section.

That is, the principle illustrated amounts to this, that a defendant should never be required to *admit* allegations in the complaint, which he might otherwise be able to deny, as the *condition* upon which he is to be permitted to set up affirmative matters of defence.

If, therefore, the defendant can deny the alleged assault and battery and false imprisonment, he ought to be permitted to do so, and yet not be deprived of the right to avail himself of a justification, if he have one. (*See contra*, *Roe agt. Rodgers*, 8 *How. Pr. R.* 356; 4 *Sand.* 664, 680.)

Or, where the plaintiff alleges the speaking of certain slanderous words by the defendant, and the defendant denies the allegation, and then alleges that the words were spoken under such circumstances, and with such explanations, (describing them,) as to show that they were not slanderous, he should be allowed to do so.

Because, if the latter should appear in evidence, it would sustain the defence under the general traverse.

And it does not follow that such a defence should be stricken out, because it contains matters which might be proved under the general denial. These matters constitute a defence—a bar to the action.

The power of the court to require a defendant to elect between defences alleged to be inconsistent, should be limited to cases where the several defences contain matters so inconsistent that the proof of one defence would *necessarily disprove* the other.

*Albany Special Term*, *Feb.* 1854.    Motion to strike out, &c.

The action is for slander.   The charge, as stated in the complaint, was that the plaintiff had stolen the defendant's hay. The defendant first denied " each and every allegation in the complaint."   The answer then proceeds as follows : " And the said defendant further answering says, that all the words which were spoken or uttered by the defendant of, to, or concerning the said plaintiff, as set forth in the complaint, charging him, said plaintiff, with stealing, or taking hay, or that the plaintiff had stolen the defendant's hay, were spoken and uttered by the defendant in reference to a quantity of hay which

the defendant had cut and stacked in the summer of 1853, and to which hay the plaintiff claimed title, and which hay the plaintiff, under such claim of title, in the day time, took and removed upon lands adjoining to, and in sight of where it had been left by the defendant, which trespass or transaction, and not the crime of larceny, was all that the defendant intended by the speaking of said words, and was so understood by, and explained to, all who heard the defendant utter the words."

The plaintiff moved to strike out the latter defence, on the ground that the same is irrelevant or redundant, and also upon the ground that it is inconsistent with the general denial contained in the answer.

C. P. COLLIER, *for Plaintiff.*
L. TREMAIN, *for Defendant.*

HARRIS, Justice.    Under the former practice, the defendant might plead as many separate matters as he should think necessary to his defence, subject to the power of the court to compel him to elect by which plea he would abide in cases where he should plead inconsistent pleas.    (2 *R. S.* 352; *Graham's Pr.* 244.)    But the Code contains, in terms, no such restriction upon the right of the defendant to interpose different defences. It declares that the defendant may set forth by answer as many defences as he may have.    When, therefore, the court assumes to compel the defendant to elect between inconsistent defences, it must do so on the ground that from the very nature of the case it is impossible that the defendant can have two such defences.    But as I understand the theory of pleading defences under the Code, a defendant should never be required to elect between a denial of a material allegation in the complaint, authorized by the first sub-division of the 149th section, and new matter constituting a defence under the second sub-division of the same section.    I suppose a defendant should never be required to admit allegations in the complaint, which he might otherwise be able to deny, as the condition upon which he is to be permitted to set up affirmative matters of defence.    It may be, that the plaintiff will be able to prove his allegations,

Hollenbeck agt. Clow.

even when the defendant might honestly deny their truth. In such a case, he ought not to be compelled to forego any other defence he may have, as the price of such denial. If, as in Roe agt. Rogers, (8 *How.* 356,) the defendant can deny the alleged assault and battery and false imprisonment, I think he ought to be permitted to do so, and yet not be deprived of the right to avail himself of a justification, if he have one. Indeed, such defences are not *necessarily* inconsistent. If, for example, the alleged assault, &c., consisted of an arrest, then the justification, showing that the arrest was lawful, may also be regarded as disproving the allegations of the complaint. I am of opinion that the power of the court to require a defendant to elect between defences alleged to be inconsistent, should be limited to cases where the several defences contain matters so inconsistent that the proof of one defence would *necessarily* disprove the other. It might well be said that the defendant could not have two such defences.

Such was substantially the practice in the late court of chancery. In Hopper agt. Hopper, (11 *Paige*, 46,) the defendant was allowed to answer a bill filed for a separation on the ground of cruel treatment, by denying the charge, and then setting up recriminatory charges against the plaintiff. The chancellor said, " The defendant cannot set up two distinct defences which are so inconsistent with each other, that if the matters constituting one defence are truly stated, the matters upon which the other defence is attempted to be based, must *necessarily* be untrue in point of fact. But the defendant may deny the allegations upon which the claim to relief is founded, and, at the same time, set up other matters, *not wholly inconsistent* with such denial, as a distinct or separate defence. So, in Wood agt. Wood, (2 *Paige*, 108,) where the bill was filed for a divorce on the ground of adultery, it was held, that the defendant might deny the adultery charged, and also set up any other matter in bar of the divorce, *if the plaintiff should succeed in proving his allegations.*

Assuming this to be the true doctrine on the subject, as applicable to defences under the Code, as I think it is, it follows

Hollenbeck agt. Clow.

that the cases of Schneider agt. Schultz, and Arnold agt. Di-
mon, cited by Mr. Justice CRIPPEN, in Roe agt. Rodgers, from
4 *Sand.* 664, 680, were not well decided. In the former of
these cases, the action being for an assault and battery, the de-
fendant denied the assault, &c., and then averred that the plain-
tiff made the first assault. The latter defence was not so en
tirely inconsistent with the denial of the assault as to require
the court to put the defendant upon the alternative of admit-
ting the assault, or losing his defence. The decision in Arnold
agt. Dimon is still more objectionable. The action was against
a carrier for the loss of goods. The defendant denied that he
was the owner of the vessel upon which the goods were shipped.
In other words, he denied, as he might do, a material alle-
gation in the complaint. And then, he averred, as matter of
defence, that the goods had, in fact, been delivered to the
plaintiff. It is quite possible, to say the least, that both these
defences might have been true. They were, therefore, not
wholly inconsistent, and should have been allowed to stand.

In the case now under consideration, the matters stated in the
second defence are not inconsistent with the general denial in
the answer. On the contrary, I am inclined to think these
matters might have been given in evidence to sustain the issue
made by the defendant upon his general denial. The plaintiff
alleged the speaking of certain slanderous words by the defend-
ant. The defendant alleges that the words were spoken under
such circumstances and with such explanations as to show that
they were not slanderous. If this should appear in evidence,
I think it would sustain the defence under the general traverse.
The allegation that the defendant had uttered the slanderous
words would be substantially disproved.

Nor does it follow that the second defence should be stricken
out, because it contains matters which may be proved under
the general denial. It was never good ground of general de-
murrer, that a plea amounted to the general issue. The objec-
tion might be taken, but, being regarded as mere matter of
form, it was only available when taken by special demurrer.
The Code has retained no such ground of demurrer. The

question in every such case now is, whether the matters stated constitute a defence, and not whether they might have been proved under some other form of pleading. The true doctrine on this subject is stated by Mr. Van Santvoord, in his Treatise. (*See Van Santvoord's Pl.* 261, 277.) That learned writer has well said that the plaintiff cannot in any sense be said to be " aggrieved " by such a defence, if it be matter really proper to be proved in bar of the action. In such case the answer apprises him of the exact point of the defence in the shape of new matter. Such a pleading is in full accordance with the leading principle of the Code upon the subject.

My conclusion is, that the matters contained in the defence embraced in this motion constitute a defence to the action, and are well pleaded. The motion must therefore be denied with costs.