## MARY STUART ROE, RESPONDENT, *v.* WILLIAM JAMES ROE, APPELLANT.

*Trial by referee — review of — no exception necessary to findings of fact — Action for limited divorce — condonation and bad conduct of plaintiff must be set up in answer.*

To enable a party to review the trial of his case by a court or referee, it is only necessary to except to the conclusions of law; facts are not the subject of an exception.

If in an action brought by a wife for a limited divorce, on the ground of cruel and inhuman treatment, the husband wishes to show that she has forfeited her right to such relief by her own ill-conduct, or that his offenses have been condoned, he must set up such defenses in his answer.

MOTION for a new trial after a judgment entered upon the report of a referee, decreeing that the plaintiff and defendant be separated from bed and board, and directing a reference to determine as to plaintiff's allowance for support and maintenance.

The action was brought for a limited divorce, on the ground of cruel and inhuman treatment.

*F. N. Bangs,* for the appellant.

*Emott, Burnett & Hammond,* for the respondent.

GILBERT, J.:

The point that the court erred in reserving the determination of the amendments to the plaintiff's findings, was hardly worth taking. The findings actually made, no doubt, embody the decision of the judge, and the defendant had no right to have them amended at one time or another. If he desired additional findings, he should have presented requests for them, and have taken an exception to the refusal of any of such requests. (3 Wait's Pr., 221, 222; *People* v.*' Alb. & Sus. R. Co.*, 57 Barb., 204, and note.) But the court is justified in refusing to find specific facts, unless they have been proved by uncontroverted testimony. That is not the case here. Upon a review of a trial by the court or a referee, the findings are not conclusive, but the whole evidence is open to examination by the appellate court. The appellant is at liberty to show that the findings are wholly unsupported by the evidence, or that they are against the weight of evidence, or that they are erroneous in any other respect. To enable him to do this, it is only necessary to except to the conclusions of law. Facts are not the subject of an exception. (3 Wait's Pr., 223.) There is no difference, in this respect, between an ordinary appeal and a motion under section 1001 of the Code of Civil Procedure. In either case the question is, exclusive of exceptions taken during the trial, whether, upon the whole case, injustice has been done to the appellant. (3 Wait's Pr., 422, 423 ; id., 400 ; *Smith* v. *Ætna Life Ins. Co.*, 5 Lans., 545 ; S. C., 49 N. Y., 211; *Finch* v. *Parker*, id., 8; *Godfrey* v. *Moser*, 66 N. Y., 250; *Forrest* v. *Forrest*, 25 N. Y., 509.)

In the present instance, the whole case is before us upon the defendant's exceptions to the conclusions of law of the court below. I have examined the evidence attentively, and I am constrained to say that I have failed to discover any ground on which the defendant might reasonably rest a hope of obtaining a more favorable result, if another trial should be had. Not only are the findings of fact supported by the evidence, but contrary findings would be plainly erroneous. The facts proved are stated with much particularity in the findings; hence it is not necessary to repeat the statement of them. They clearly entitle the plaintiff to the decree which has been made, unless it was the duty of the court below to find that the plaintiff had forfeited

the right to such relief by her own ill-conduct, or by a condona-
tion of the defendant's ill usage of her. It was intimated, but
not much insisted on, that the defendant's mental condition may
have been such as to render him irresponsible for the acts com-
plained of. No such defense was set up in the answer, and the evi-
dence on the subject is too weak to affect the rights of the plaintiff.
Neither of the defences mentioned was set up in the defendant's
answer. The section of the Code of Civil Procedure (1001), which
authorizes this proceeding, limits it to exceptions. No applica-
tion to amend the answer is before us; nor can an appellate
court amend pleadings, except for the purpose of sustaining the
judgment. (4 Wait. Pr., 668.) That it was incumbent on the
defendant to plead such defenses, we think is reasonably clear.
The general rule is, that affirmative defences must be pleaded;
and I see no reason why that rule should not govern suits for
divorce or separation. In *Smith* v. *Smith* (4 Paige, 434), Ch.
WALWORTH laid down the rule, that " if the defendant wishes to
prove a condonation of the offense, or to establish a recriminatory
charge, in bar of the divorce, strictly, she should urge it by way
of a special plea, or insist on it in her answer as a defence." The
suit, in that case, was brought by the husband against the wife.
The same rule was subsequently recognized in *Hopper* v. *Hopper*
(11 Paige, 46). The reasons for applying the rule when the suit
is against the husband, are far more palpable than in cases where the
wife is defendant. Those defenses respectively consist of "new
matter," within the meaning of section 500 of the Code of Civil Pro-
cedure, and that section requires that the answer shall contain a state-
ment of such new matter. The allegation of the complaint respect-
ing the good conduct of the wife was not material to her cause of
action, and, for that reason, was not a proper subject of a denial
by answer (Id.); nor did the denial of it raise an issue. The
object of the rule referred to is, to compel adverse parties to dis-
close to each other the facts upon which they respectively rely to
maintain the cause of action and the defense. (Moak's Van S. Pl.
[3d ed.], 504, 505, 511.) With respect to the defense of ill-con-
duct, the Revised Statutes (2d vol., 147, § 53), provide that, in a
suit for a separation, the defendant " may be permitted to prove,
in his justification, the ill-conduct of the complainant; and, on

establishing such defense to the satisfaction of the court, the bill shall be dismissed. We think this provision was not enacted with an intention of altering a rule of pleading. If the language of it, however, admits of such a construction, it should be restrained within the provision of the Code, for the reason that the Code is a subsequent enactment, and applies to actions for a separation as well as other actions.

Perhaps, if the defenses mentioned had been established to our satisfaction, we might suggest a way whereby they might be rendered available to the defendant; but we are of opinion that the evidence failed to show any ill-conduct of the plaintiff, which afforded a justification of the defendant's conduct towards her; and that, assuming that a condonation was proved, yet the defendant's conduct towards his wife, after the condonation claimed, was such as to revive his previous misconduct, which, it is claimed, had been condoned.

The motion must, therefore, be denied, with costs.

BARNARD. P. J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.