Ledbetter v. Ledbetter.

88   60
38a  87

88   60
103  117

88   60
47a  44

88   60
135  388

88  · 60
143  ʼ189

LEDBETTER, *Appellant*, v. LEDBETTER.

1. **Pleading.** Traverses and answers in avoidance may be joined when not inconsistent.

2. **Ejectment:** ANSWER: JOINDER OF DEFENCES. A defendant in ejectment may plead a general denial and rely upon that as a complete defence, and may also, in the same answer, plead and rely upon an equitable defence, but the pleadings should be so framed as to show that both defences are relied on.

3. ——— : ———. If in pleading his equity the defendant unqualifiedly pleads the legal title or right of possession out of himself and in the plaintiff, the latter will not be required to offer any evidence of his title, especially if he waives damages, rents and profits.

*Appeal from Barton Circuit Court.*—HON. CHARLES G. BURTON, Judge.

AFFIRMED.

*Robinson & Harkless* for appellant.

(1) The answer of the defendant very evidently proceeds on the theory that plaintiff did not have a regular chain of title, but that C. H. Brown acquired his deed from J. C. Ledbetter, and J. F. Ledbetter from C. H. Brown, with full notice of defendants' equity, and in fraud of their rights, and under plaintiff's general denial, the issue presented was as to defendants' equity, and it devolved upon them to prove it. Bliss Code Pleading, sec. 340. Again, the answer, although containing in the first count a general denial, in the second count proceeds with a general confession of plaintiff's legal title, and an avoidance on the ground of fraud. 1 Chitty Pleadings (11 Am. Ed.) 526; Stephen's Pleadings (8 Am. Ed.) 200; Bliss Code Pleadings, sec. 340.

Ledbetter v. Ledbetter.

*D. B. Van Syckel* for respondent.

The answer contains two· consistent defences : 1st, general denial ; 2d, an equitable defence. The first answer, or general denial, casts upon the plaintiff the *onus probandi* as to the title and also the right to immediate possession, as well as every material allegation of his petition or complaint, regardless of what may be contained in the second answer of the defendant in this action. *Sturdevant v. Rehard et al.*, 60 Mo. 152. But defendant's second defence, neither as a whole nor as a part, admits the legal title to be in the plaintiff ; but distinctly avers the defendant has been in possession since 1878 ; and besides that, she had the legal title as *cestui que trust* since 1874. 23 Mo. 457 ; 36 Mo. 523. The answer expressly denies that the legal title is in plaintiff by stating that the "pretended title" of C. H. Brown was attempted to be conveyed to J. F. Ledbetter.

BLACK, J.—This is an action of ejectment commenced in 1881. On the trial before the court without a jury, it was admitted that J. C. Ledbetter was the common source of title, and that defendant was then, and had been, since April, 1878, in possession of the land in dispute. The plaintiff offered no evidence. The court ruled that plaintiff was not entitled to recover, and accordingly gave judgment for the defendant, from which plaintiff appealed.

The answer contains two defences : 1st, a general denial ; 2d, an equitable defence. The plaintiff's theory is that the admission taken in connection with the pleadings as a whole, made out his case. The defendant, even in an action of ejectment, may plead as many defences as he may have, legal or equitable, or both. The only limit is that by the practice act they must be consistent. Ordinarily, a statement of new facts showing a non-liability, impliedly at least admits a liability, but for

such new facts.   Hence, it is often said an answer setting up new matter by way of defence should confess and avoid the plaintiff's cause of action.  *State to use, etc.,* *v. Williams,* 48 Mo. 212 ; 1 Chitty Plead. (16 Am. Ed.) 551.  But the confession is not necessarily an absolute one.  It need not be made in terms.  It is often only implied from the nature of the defence, or assumed for the purpose of the particular defence. Bliss Code Pleadings, sec. 341.  Traverses and answers in avoidance may go together where not inconsistent.  In *Hopper v. Hopper,* 11 Paige, 46, it is said the defendant "cannot set up two defences which are so inconsistent with each other that if the matters constituting one defence are truly stated, the matters upon which the other defence is attempted to be based must necessarily be untrue in point of fact. But the defendant may deny the allegations upon which the plaintiff's title to relief is founded, and may, at the same time, set up in his answer any other matters not wholly inconsistent with such denial." In *Nelson v. Brodhack,* 44 Mo. 599, in speaking of consistent defences, Bliss, J., says :   "The right will be secured if the consistency required be one of fact merely, and if the two defences are held to be inconsistent only when the proof of one necessarily disproves the other."    See, also, *McAdow v. Ross et al.,* 53 Mo. 202 ; *State ex rel. Davis v. Rogers,* 79 Mo. 286.   The defendant, therefore, in an action of ejectment, may plead by way of a general denial, and rely upon that as a complete defence.   He may also, in the same answer, plead an equitable defence and rely upon that as an independent defence.   But the defendant will frame his pleading so as to show that he relies upon both defences.   If in pleading his equity he unqualifiedly and absolutely pleads title or right to the possession out of himself and in the plaintiff but for the equities, then we see no reason why the plaintiff should be required to offer any evidence, especially if he waives damages, rents and profits.   If the defendant will make

such an absolute admission on the record, it is difficult to see how there can be an accompanying denial of the same matter. Pleadings are expected to tell the truth.

Now the second defence in substance states that J. C. Ledbetter, the husband of the defendant, owned the land, and in 1874 conveyed the same to C. H. Brown in trust "for the sole, separate, and only benefit of the defendant." It further states that to reconcile some family difficulties, and for a valuable consideration, the husband and wife undertook to make a conveyance of the property to Hay, and Hay to the defendant, but by mistake the parties failed to affix to the deeds their seals; that thereafter, to defraud defendant, J. C. Ledbetter made a deed to Brown, intending to convey the land to him, and that Brown attempted to convey this pretended title to plaintiff, who had full notice, etc. Now, laying out of view the deed of trust, the answer shows that the husband owned the property, and this was also admitted on trial, and it shows that the plaintiff holds that title subject to defendant's equities, which, if truly stated, would constitute a complete defence. If nothing more had been stated we see no reason why the plaintiff should in the first instance be put to further proof. But the answer also shows that J. C. Ledbetter had previously conveyed the land to Brown in trust for defendant's sole use. That was the prior and paramount title and conveyed the fee according to the answer, and the answer does not appear to assert that Brown attempted to convey this title which he held as trustee, if indeed he could without defendant's consent, but rather asserts that he conveyed to the plaintiff the pretended title subsequently acquired from the husband. Taking the second defence as a whole, we do not see that plaintiff got any title at all, and the ruling was, therefore, correct.

The judgment is affirmed. All concur.