ESTHER C. ROSE, RESPONDENT, *v.* WARREN H. ROSE, APPELLANT.

*Action by a wife for divorce for cruel and inhuman treatment — the conduct of the wife must be considered — the husband may prove the reasons for his conduct.*

In an action, brought for a limited divorce on the ground of the alleged cruel and inhuman treatment of the plaintiff by her husband, the defendant, it appeared by the defendant's testimony that he strongly objected to his daughter keeping company with a young man named Forshaw; that he repeatedly urged these objections to both the plaintiff and his daughter, but that his daughter still continued to meet Forshaw, and received his visits clandestinely, and that the

plaintiff, to the extent of her power, aided and encouraged her daughter in her conduct in this respect.

The defendant's counsel offered evidence to show improper conduct between his daughter and said Forshaw, and that he had just and reasonable grounds for his objections to him, and that these reasons were also known to the plaintiff. Upon the objection of the plaintiff's counsel the court excluded all this evidence. *Held,* that the court erred in so doing.

That it has always been deemed important in actions of this character, in deciding the question whether it is a proper case for a decree of separation, for the court to know what has been the conduct of the wife towards the husband as well as what his conduct has been towards her.

That the defendant had a right to show that his objections did not arise because of caprice or without a just cause, but that in directing his family not to receive the visits of the objectionable visitor he had good grounds for his objection.

That the defendant, when called upon to answer for his conduct towards his children, was entitled to prove all the circumstances attending his conduct, and the reason for it, in order that he might justify it.

That a husband is not bound to keep a wife in his house under all conditions and no matter what her conduct may be.

Appeal by the defendant from a judgment rendered upon the trial of this action at a New York Special Term, by the court without a jury, which was entered on the 10th day of May, 1888, in the office of the clerk of the city and county of New York ; and, also, from an interlocutory judgment entered in this action on the 4th day of June, 1887.

This action was brought to obtain a limited divorce on the ground of alleged cruel and inhuman treatment. Upon the trial it appeared from the defendant's testimony that he strongly objected to his daughter keeping company with a young man named George Forshaw ; that he repeatedly urged these objections to both the plaintiff and his daughter, but that his daughter continued to keep Forshaw's company, receiving his visits clandestinely ; and that the plaintiff, to the extent of her power, aided and encouraged her daughter in her conduct in this respect, disregarding and defying the defendant's objections. On the trial the defendant's counsel offered evidence tending to show improper conduct between his daughter and Forshaw ; and that he had just and reasonable grounds for his objections to him ; and that those reasons were also known to the plaintiff. This evidence was all objected to by the plaintiff's counsel, and excluded by the court under exceptions by the defendant.

*C. H. Hoffman,* for the appellant.

*George E. Horne,* for the respondent.

VAN BRUNT, P. J. :

It will be necessary to reverse this judgment upon the ground of errors in the rejection of testimony. The learned court below seems to have been of the opinion that the defendant had no right to prove any facts in justification of any acts of violence which it might be claimed he had committed towards the plaintiff. In other words, that the wife might, by her own misconduct, provoke ill-treatment upon the part of the husband, and then claim rights because of such ill-treatment which had been caused entirely by her own provocation. We know of no such rule of law. It has always been deemed important for the court to know what has been the conduct of the wife towards the husband, as well as what his conduct has been towards her, in deciding the question whether it is a proper case for a decree of separation. (*Hopper* v. *Hopper*, 11 Paige, 46.) And this seems to be a self-evident proposition, because the question whether treatment is cruel and inhuman, and is of such a character as to render it unsafe for the wife to live with the husband, depend very largely upon the circumstances which gave rise to such ill-treatment. If it should appear that, had the wife performed her duties towards her husband, she would have suffered no ill-treatment at his hands, it is difficult to understand upon what principle a court of equity could grant her relief.

The evidence in this case shows that the defendant sought to prevent the visits to his house of a person who was obnoxious to him, and that in this respect his wife and his daughter seem willfully and persistently to have disobeyed his injunction. Although it is conceded upon the part of the respondent that the husband has the right to dictate who shall visit at his house, yet it is claimed that he has no right to prove, upon a trial where he is accused of cruel and inhuman treatment, arising apparently out of the disregard of his injunctions, that he had reasonable grounds for his prohibition, and, therefore, it is sought to justify the rulings made by the court that, whatever his reasons were they were entirely immaterial. In this we think there was a fatal error. The defendant had a right to show that his objections did not arise because of caprice or without just

cause, but that in directing his family not to receive the visits of the objectionable visitor, he had good grounds for his objection.

In the case at bar, when asked for the reasons which he assigned to his wife and daughter for his refusal, this evidence was objected to and excluded. It was claimed upon the part of the plaintiff that the conduct of the defendant toward his daughter formed part of the cruel and inhuman treatment, in respect to which there is a finding made by the learned court; and when the defendant sought to prove the cause for this treatment, his mouth was shut under an objection and he was prevented from showing circumstances which, if true, certainly justified, upon his part, the severest of discipline towards this child. It seems to be assumed that the conduct of the wife and child may be of any character that they choose to make it, and the husband is bound to submit. This, however, does not seem to be the rule of law, nor is it the rule of good morals; and a husband, when called upon to answer for his conduct towards his children, is entitled to all the circumstances attending this conduct and the reasons for it, in order that he may justify it. In the case at bar the defendant was refused this right both in respect to the plaintiff and to his child. A husband is not bound to keep under his roof a wife, no matter what her conduct may be; nor is he bound to leave his house or submit to her conduct, whatever it may be.

In the case at bar it seems to us that a very different aspect might have been put upon the evidence had the defendant been allowed to prove the conduct of his wife and daughter towards him, and the reasons for his prohibitions against their visitors, which prohibitions seem to have been totally ignored both by the wife and daughter.

It is not necessary, in view of the conclusion at which we have arrived upon the main body of the case, to consider the question in regard to the amount of alimony which has been awarded in this case; but, upon an examination of the record, it would appear that the court had been more liberal than the evidence in the case justified.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the final event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide final event.