ALFRED SHELL, Respondent, v. GERMAN INSURANCE COMPANY, OF FREEPORT, ILLINOIS, Appellant.

Kansas City Court of Appeals, January 28, 1895.

1. **Insurance**: CONSTRUCTION: PROOFS OF LOSS: FORFEITURE. If the provisions of a contract may be as easily reconciled with non-forfeiture as forfeiture, no forfeiture will be adjudged; and where a policy of insurance provides that proofs of loss shall be made within thirty days in one clause, and in another clause provides that, unless such proofs shall be furnished within sixty days, the policy shall be void. *Held,* that no forfeiture of rights under the policy accrued by failure to furnish proofs until the sixty days had expired.

2. ——: WARRANTY: INSURER'S APPLICATION: INSTRUCTION. Where the insurer's soliciting agent writes the application, and from his own knowledge places the valuation and the insured signs the same, while the statement is nominally that of the insured, it is in reality that of the insurer; and while defendant's instruction may be in conflict with this doctrine as announced in plaintiff's instruction, such conflict can not avail defendant, as it is error in his behalf and at his request. Other objections to instruction considered.

*Appeal from the Jasper Circuit Court.*—Hon. W. M. Robinson, Judge.

Affirmed.

*Harrison & Harrison* and *G. W. Barnett* for defendant.

(1) The furnishing proof within thirty days is a condition precedent to plaintiff's right of recovery, and must be strictly complied with. *Noonan v. Insurance Co.*, 21 Mo. 81; *Leigh v. Tornado Co.*, 37 Mo. App. 543; *Irwin v. Ins. Co.*, 24 Mo. App. 24; 2 Wood on Insurance [2 Ed.], p. 958, section 442, and p. 929, sec. 437; *Maddox v. Ins. Co.*, 56 Mo. App. 343. (2) If the proof is out of time and the company has done nothing to induce the delay, the policy is dead, and failure to object on that ground is no waiver. Nothing short of an absolute new agreement upon sufficient consideration can revive it. 2 Wood on Insurance [2 Ed.], p. 948; *Blossom v. Ins. Co.*, 64 N. Y. 162; *Insurance Co. v. Kyle*, 11 Mo. 278; *Hobson v. Western Ass'n Co.*, 19 N. C. Q. B. 314; *Brink v. Ins. Co.*, 70 N. Y. 593; *Underwood v. Ins. Co.*, 57 N. Y. 500; 2 Biddle on Insurance, sec. 1141, and authorities there cited; *Anthony v. Ins. Co.*, 48 Mo. App. 65; 2 Wood on Insurance [2 Ed.], pp. 948, 950; *Insurance Co. v. Flynn*, 98 Pa. St. 627. (3) The court erred in refusing the instruction in the nature of a demurrer to the evidence for the further reason that the statements in the application are made a warranty as to the truth of such statements. *Maddox v. Ins. Co.*, 56 Mo. App. 343; *Lama v. Ins. Co.*, 51 Mo. App. 447; *Holloway v. Ins. Co.*, 48 Mo. App. 1, and authorities there cited; *Brooks v. Ins. Co.*, 11 Mo. App. 349; *Roberts v. Ins.*

Co., 26 Mo. App. 92; *Milling Co. v. Ins. Co.*, 25 Mo. App. 259; 2 Wood on Insurance [2 Ed.], p. 349, sec. 150, and cases cited. The fact that assured did not read the application can not avail him. *Lama v. Ins. Co.*, 51 Mo. App. 447; *Steinberg v. Ins. Co.*, 49 Mo. App. 255; 1 Wood on Insurance, 401; *Mensing v. Ins. Co.*, 36 Mo. App. 602; *Fuller v. Ins. Co.*, 36 Wis. 599; *Lochner v. Home .Co.*, 17 Mo. 247; *Sprague v. Ins. Co.*, 49 Mo. App. 423; *Cooper v. Ins. Co.*, 50 Pa. St. 299. (3) The court erred in giving to the jury the first instruction asked by plaintiff, telling the jury in substance that defendant, by its answer, only makes two defenses: "*First*, that defendant did misrepresent the value of his barn and overvalue it at the time the application was written; and, *second*, did set fire to his barn, or cause it to be done, and, unless defendant has established one or both of these defenses by the preponderance of the evidence, the verdict should be for plaintiff." *Kennedy v. Holliday*, 25 Mo. App. 517; *Gregory v. Chambers*, 78 Mo. 298; *Floriday v. Car Co.*, 37 Mo. App. 600; *Hepsley v. Railroad*, 88 Mo. 348; *Kennedy v. Railroad*, 80 Mo. 574.

*Thomas & Hackney* for respondent.

(1) The proofs of loss were furnished in ample time. The latter clause is made the condition of the contract and prevails over the former, and the courts will not declare a forfeiture when the policy does not. *Insurance Co. v. Downs*, 13 S. W. Rep. (Ky.), 882, and cases cited; 7 Am. and Eng. Encyclopedia of Law, p. 1049; *Tubbs v. Ins. Co.*, 84 Mich. 653; *Hall v. Ins. Co.*, 90 Mich. 410, 411; *Steele v. Ins. Co.*, 93 Mich. 82, 83; *Roynolski v. Ins. Co.*, 96 Mich. 395; *Insurance Co. v. Evans*, 102 Pa. St. 281; *Vangindertalen v. Ins. Co.*, 82 Wis. 112. "An insurance company makes its own

conditions, and they will be interpreted most strongly against it." *Renshaw v. Ins. Co.*, 103 Mo. *loc. cit.* 611; *Dickson v. Railroad*, 104 Mo. *loc. cit.* 499–500. (2) Plaintiff is not bound by the alleged warranty of the value of the barn in the application for insurance. The application was written by defendant's agent, from his own knowledge, and not from information received by him from plaintiff. The statement of "valuation" of the barn, in the application, is the defendant's own statement, and plaintiff is not bound by it. *Combs v. Ins. Co.*, 43 Mo. 148; *Franklen v. Ins. Co.*, 42 Mo. 456; *Breckinridge v. Ins. Co.*, 87 Mo. 62; *Thomas v. Ins. Co.*, 20 Mo. App. 150; 1 May on Insurance [3 Ed.], sec. 144C; *Dunbar v. Ins. Co.*, 75 Wis. 492; *Metchler v. Ins. Co.*, 38 Wis. 665. The application, on its face, shows that the assured did not warrant the barn to be worth $2,000. (3) The instructions given by the court, at plaintiff's request, properly declared the law, and submitted fairly to the jury the issues involved. A party can not complain of inconsistency in the instructions, where such inconsistency is caused by the giving of an erroneous instruction at his request. *Baker v. Railroad*, 25 S. W. Rep. (Sup. Ct. Mo.), 20; Missouri cases reviewed and distinguished; *Reardon v. Railroad*, 114 Mo. 384, 406.

ELLISON, J.—Plaintiff seeks to recover of defendants the amount of a policy of fire insurance which defendant issued to him on his barn and some articles of personal property. He recovered in the trial court.

1. A question is advanced whether the proofs of loss should be made within thirty or sixty days after the fire. If within sixty days, the evidence showed the proofs were furnished in time. The provisions in this

respect, as they appear in the policy are: "All persons having a claim under this policy shall forthwith give written notice of the loss or damage, and within thirty days furnish proof thereof, signed and verified," etc. The policy then further provides that the assured shall be examined on oath, touching all matters relating to the claim, and shall furnish specifications, etc., "and unless such proofs, plans, specifications and certificates shall be furnished, and such examination had and award made within sixty days from the date of the loss, the claim shall not be due or payable, and this policy shall be null and void and of no effect." It will be noticed that the policy, in the first instance, requires proofs to be furnished within thirty days after the fire, and then, after having provided for other matters, concludes with the provision that if the proofs are not made within sixty days, the insurance shall not be due and the policy shall be of no effect.

Forfeitures, in matters of contract, are not looked upon with favor by the courts; and while they will be enforced, when plainly stipulated for by the contract, yet where the contract will bear reasonable and legitimate interpretation against the forfeiture, it will not be enforced. Thus, if the provisions of the contract are not clear, or if they may be as easily reconciled with non-forfeiture as forfeiture, no forfeiture will be adjudged. In this case, it seems apparent, that while the proofs are called for within thirty days after the fire, no forfeiture of rights under the policy shall accrue, by reason of such default, until sixty days shall elapse.

2. A question is also made as to a false warranty in the application for insurance which plaintiff signed, relating to the valuation of the barn. Under that part of the application stating upon what the insurance is applied for, there appears in the column headed "valu-

uation," the figures "2,000," opposite the words, "Frame Barn No. 1 and shed adjoining." And in the column headed "Sum Insured," the figures "1,500." Of the questions which appear further along in the application, question number 11 relates to the material, size, age and valuation of the barn; and the answer to this question says nothing as to the value. At the close of the instrument, there appears the following: "I warrant the foregoing application to contain a full and true description and statement of the condition, situation, value, occupation and title of the property proposed to be insured in the German Insurance Company; and I warrant the answer to each of the foregoing questions to be true."

Now, whether the figures "2,000," under the head of valuation, are covered by this warranty need not, necessarily, be decided in this case, from the following considerations: There was evidence tending to prove that defendant's soliciting agent, who procured plaintiff to take out this policy, was acquainted with the barn in controversy and knew its value; that he wrote the application himself, and from his own knowledge placed the valuation at $2,000. And, while it is true that plaintiff signed the paper, he must be considered as having signed a paper at the request of the defendant and made out by defendant, on its own knowledge. And while the statement is nominally that of plaintiff, it is, in reality, that of the defendant itself, for the purpose here referred to. In short, our opinion as to this part of the case is, that it belongs to that class of cases of which *Thomas v. Insurance Co.*, 20 Mo. App. 150 is a type. See authorities cited herein, as well as *Breckenridge v. Insurance Co.*, 88 Mo. 62. The court's instructions in behalf of plaintiff were in line with what we here state, and in consequence we must hold them correct. It is true that the court gave an instruction

at the instance of defendant, seemingly in direct conflict with those given for plaintiff, but since that was an error made in behalf of, and at the request of, the appealing party, it can not avail him.

The defendant further complains that the first instruction given for plaintiff ignores two important points of defense, viz: lack of proofs of loss, and a breach of warranty as to valuation. From what we have already said, it will be seen that this was not reversible error. The evidence shows that proofs were furnished within sixty days, and this we hold sufficient under the policy. The question as to whether there was any overvaluation or misrepresentation as to value was fairly submitted by this instruction. As to this it may be further said that, when the jury found there was no overvaluation made by defendant, they must have found there was no false warranty in this respect, unless the application itself, without regard to what plaintiff may have actually said or done, constituted a warranty. This, we have just seen, can not be charged to plaintiff.

Some other points are presented by defendant, but we can discover no reason for disturbing the judgment, and it is accordingly affirmed. All concur.