J. R. GIBSON, Respondent, v. GERMAN-AMERICAN TOWN MUTUAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, June 11. 1900,

1. **Trial Practice: NON EST FACTUM: INSTRUCTION.** Where the alleged maker of a written instrument pleads *non est factum*, the burden of proving his signature rests upon the other party, and an instruction to that effect is approved.

2. **Insurance: APPLICATION: WARRANTIES: PRACTICE.** In an action on an insurance policy where the defense is based on warranties contained in an application which the jury finds was not executed by the plaintiff, there are no warranties in the case and instructions relating to breaches of warranties are properly refused.

3. **Trial Practice: NON EST FACTUM: SURPRISE.** Where *non est factum* is pleaded, the other party can not claim to be surprised because the party so pleading goes upon the stand and denies the execution of the paper.

4. ———: **CONTINUANCE: DILIGENCE.** Where an application for a continuance fails to show diligence, it is properly overruled.

5. **Contracts: AGGREGATIO MENTIUM: PLEADING.** The issue of the meeting of minds is not made in the pleadings in this cause, yet the facts show the policy to be defendant's contract made by its agent.

Appeal from the Camden Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Edwards & Edwards* and *James E. Hazell* for appellant.

(1) A contract of insurance is like any other contract, the terms must be accepted on both sides before it is binding, Wallingford v. Ins. Co., 30 Mo. 46; Worth v. Ins. Co., 64

Mo. App. 583-587. (2) The court should have given instructions numbers 1, 2, 6, 7, 8, 9 and 11. (3) The application for a continuance should have been sustained.

*J. P. Nixon* for respondent.

(1) No diligence, in legal acceptation, is shown to procure witnesses in defendant's application for continuance. (2) The theory on which the defendant tried this case was that the insurance corporation was not liable on its policy, because such policy was issued on a written application executed by plaintiff which contained representations constituting warranties of which the defendant in its answer assigned specific breaches. The question of whether the written application, with its warranties, was the act of the plaintiff or authorized by him was duly submitted to the jury, which found for the plaintiff. In these circumstances the respondent was not bound by the application and the warranties and representations therein were not his warranties nor his representations. Thomas v. Ins. Co., 78 Mo. App. 268; Montgomery v. Ins. Co., 80 Mo. App. 506. (3) The case should be reviewed in the appellate court on the same theory as that upon which it was tried in the lower court, although many supposed important discoveries are paraded in appellant's brief that were never heard of or dreamed of in the trial court. Vaughn v. Fisher, 32 Mo. App. 34; Fell v. Mining Co., 23 Mo. App. 224; Tittman v. Thornton, 107 Mo. 511. (4) No claim was made in the trial court that the minds of the parties did not meet. This assignment of error first crops out in the appellate court. It is not well taken. Thomas v. Ins. Co., 20 Mo. App. 150; Shell v. Ins. Co., 60 Mo. App. 644.

SMITH, P. J.—This is an action on a fire insurance policy covering a dwelling house and certain personal prop-

erty therein. The petition contained the allegations usually deemed essential in such cases. The answer pleaded that the said policy was based on a certain written application of the plaintiff and that by the terms of said policy the statements made in said application were made part of the policy and became warranties on the part of the plaintiff. It then proceeds to allege several warranties and the breaches thereof. The replication, which denied generally the allegations of the answer, was verified by affidavit. There was a trial resulting in judgment for plaintiff and to reverse which the defendant has brought the cause here by appeal.

The principal issue in the case as made by the pleadings and evidence was whether or not the written application containing the representations constituting the warranties was executed by the plaintiff. Under the pleadings, it devolved upon the defendant to establish the affirmative of this controverted issue. The evidence was quite conflicting.

The court by an instruction for the plaintiff told the jury that, "the defendant claims that plaintiff, in order to procure a policy of insurance, signed a written application in which he made certain false representations, and as to the execution of any such application it devolves upon the defendant to prove the execution of the same by the plaintiff by a preponderance of the evidence; and unless the defendant has so shown the execution of such application, then such application should not be considered in making up your verdict." It is thus seen that this issue was by the court fairly submitted to the jury, whose finding thereon was adverse to the defendant. The effect of this was to eliminate every issue in respect to the alleged warranties. If there was no such application—as we must assume to be the fact, since the jury so found—it follows as an inevitable corollary that there were no warranties.

In this view of the case it becomes unnecessary for us

to review the action of the court in refusing the twelve instructions requested by defendant which related to the several breaches of warranties pleaded. What matters it, if the court, in submitting by plaintiff's said instruction the issues as to whether or not he executed the said application, did refuse to submit along with it defendant's said several instructions relating to the warranties pleaded? As there were no warranties established the defendant's refused instructions, had they been given, could not have affected the result. And even if correct in their enunciation, we can not now regard them in any other light than as mere abstractions whose refusal resulted in no harm to defendant. The pivotal and decisive issue in the case was as to whether plaintiff had executed the application; and that having been determined against defendant that disposed of the other dependent and subordinate issues relating to the warranties.

The defendant further contends that the trial court erred in denying it a new trial on the ground of surprise, in that it did not anticipate that plaintiff would deny his signature to the application for the insurance. We do not think there is any merit in this contention. The plaintiff by the plea of *non est factum*, contained in his replication, in effect denied on oath the signing of the application for the policy. When the plaintiff was called as a witness was it reasonable to suppose that his testimony would be at variance with his sworn reply? If the plaintiff had testified that he had signed the application that would, no doubt, have given occasion for surprise; but when he repeated in his testimony the fact he had previously stated in his affidavit, there was no occasion for surprise. The defendant might have well presumed that plaintiff would hardly run the risk of incurring the pains and penalties of perjury by giving testimony contradicting the statement made by him in his affidavit. There was no ground of surprise whatever upon which to base the claim made for a new trial.

The defendant further objects that the court erred in denying its application for a continuance. This has been examined by us and no reason is seen why we should find any fault with the ruling made thereon by the court. It fails to disclose that diligence which is required by law to entitle a party to a continuance. After reading the application, which is quite lengthy, the conclusion is inevitable that the defendant failed to exercise that diligence which an ordinarily prudent man would have exercised under like circumstances and that it is, in consequence thereof, in no situation to complain of the action of the court in refusing to grant the delay desired by it.

Neither the validity of the policy nor the integrity of the fire are put in issue by the pleadings. Most obviously the insistence that there was no meeting of minds, and therefore no contract, is not within the scope of the issue made by the pleadings. But if so, it could not be upheld for the reason that the evidence discloses that the defendant's soliciting agent made the contract with the plaintiff for the insurance of plaintiff's property against loss by fire. The terms of the contract were settled by defendant's agent and plaintiff. The plaintiff paid the cash premium and a subsequent assessment. The defendant received the premium, ratified the agreement of its agent and issued the policy. It seems, too, that the defendant's agent furnished the application and filled it out. He was acquainted with all the facts to which the statements in the application referred. The statements made in the policy were therefore those of the defendant, made by its agent while acting for it. Thomas v. Ins. Co., 20 Mo. App. 150; Shell v. Ins. Co., 60 Mo. App. 644.

The judgment was clearly for the right party and must be affirmed. *Ellison, J.*, concurs; *Gill, J.*, absent.