MANLY THOMAS, Respondent, v. THE HARTFORD FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, January 4, 1886.

1. INSURANCE—STATEMENTS IN APPLICATION FOR POLICY—NOTICE TO AGENTS NOTICE TO COMPANY.—Where, in an application for insur-

ance, it was stated by the applicant that he was the *owner* of the land, when in fact he was only the owner of the *building* on the land; and it was also stated, in the application, that there were no *buildings* within one hundred feet of those insured, when, in fact, there *were* buildings within that distance; and the policy referred to the application and contained a *warranty* that the statements in the application were correct; still, if the application was written by the agents of the insurance company, who were perfectly familiar with the locality, and with the distance of the buildings from each other, and knew all about the title to the land and of the building insured, and themselves wrote out the answers, it is, in *fact*, the statement of the insurance company, being made by its agents; and the statements as to *the title* will be regarded as an expression of opinion *of the parties* as the practical result of the title; and so as to the distance of the *buildings* from each other.

2. ———— AGENTS' AUTHORITY—SCOPE OF ESTOPPEL.—The fact that the agents of an insurance company had authority to take applications for insurance, carried with it the legal implication of authority to fill up the application, and to do all the things which may be needful in perfecting it.   The acts of these agents were the acts of the company, from which it follows, necessarily, that the doctrine of estoppel *in pais* applies, and the company will not be allowed, after a loss, to disprove statements made by it, through its agents.

APPEAL from the Linn Circuit Court, HON. G. D. BURGESS, Judge.

*Affirmed.*

Statement of case by the court.

This is an action on a policy of insurance.   The petition is in the usual form.   The first defence in the answer set up a statement in plaintiff's application for insurance, that he was the owner of the ground on which the insured building stood, a provision in the policy sued on referring to this application and making it a warranty, and an allegation that plaintiff was not the owner of the ground.

The second defence set up the same fact, that plaintiff was not the owner of the ground, in connection with a clause in the policy providing that if the property insured was a building, and the assured was not the owner by title in fee of the ground on which the building stood,

the policy should be void, unless stated in the policy, and also alleged that there was no such statement in the policy.

The third defence set up a statement in the application that there was no building within one hundred feet of the property insured, the provisions of the policy making this application a warranty, and the fact that there were other buildings within one hundred feet.

The plaintiff's reply was a general denial, and, in effect, admitted that he was not the owner of the ground on which the buildings insured stood, and that there was a dwelling house within one hundred feet of them, but sought to avoid the effect of them by alleging that this application was signed for him by one Charles W. Brinkley, and that it was written by defendant's own agents, who were informed as to all the facts regarding the ownership, and the distance of neighboring houses. The answer alleged that these agents were soliciting agents, with no power to issue policies. The defendant moved for judgment on these pleadings, and the court overruled this motion.

The evidence showed that the ground was owned by Mrs. Lucinda Venus, and that there was a dwelling house within one hundred feet of the insured property. The application and policy were in evidence, and contained the several provisions charged in the answer.

It further appeared that the agents of defendant, to whom the application was made, were a firm, Brinkley & Crawley. One Charles W. Brinkley made the application for plaintiff's insurance to this firm, and signed the application, which was written by Crawley. C. W. Brinkley's testimony showed that he had no recollection at all, regarding anything contained in the application, except the distance of the houses, and that, regarding that, a conversation was had with the agents, and that they all agreed the distance was over one hundred feet.

F. M. Brinkley, of Brinkley & Crawley, testified that he had known for years that Mrs. Venus owned the ground, and testified to about the same effect as his brother, regarding the discussion about the distances.

The evidence showed that defendant's agents had solicited plaintiff to obtain insurance on the buildings through their agency. They were very familiar with the situation of the buildings and all their surroundings. They had, only a few days prior to the date of the application for the insurance, made a special and particular examination of the buildings and the distances to the other houses nearest thereto, with the view to insuring the storehouses and the stock of goods in one of them. T. M. Brinkley, one of defendant's agents, testified that he knew and had known, for several years prior thereto, that Mrs. Lucinda Venus (plaintiff's mother-in-law), owned the land on which plaintiff's store houses stood. On the eleventh of March, 1882, Charles W. Brinkley, the owner of the stock of goods in one of said buildings, went from Orlinda to Browning to procure insurance on his goods. Plaintiff testified that he told Charles W. Brinkley to tell his brother, Madison Brinkley, of the firm of Brinkley & Crawley, agents, that they might furnish him a policy for about eight hundred dollars. And Charles W. Brinkley testified that he told the agents that the plaintiff said he would take out a policy, and they went to work to write out the papers. The application for plaintiff's policy was written by one of defendant's said agents, and Charles W. Brinkley signed plaintiff's name to it. The application was not read to Charles W. Brinkley, and he did not know its contents. No statements were ever made by plaintiff or Charles W. Brinkley to the defendant's agents, as to the ownership of the land. But defendant's agents, or, certainly, one of them, knew all about that. And with respect to the distance the store-houses were from any other buildings defendant's agents relied on their own personal knowledge and their judgment, and so they put it down at one hundred feet. It turned out, on actual measurement, subsequently, to have been ninety-six feet.

With respect to the written application, plaintiff testified: "When Charles Brinkley went to Browning to get the insurance, nothing was said about his making

a written application for the insurance. I did not know that Charles Brinkley had signed any written application for the policy, nor what was in it, until after this controversy came up."

The evidence showed that the buildings burned were worth one thousand two hundred dollars, and that the fire originated in the store-house occupied by Charles W. Brinkley.

C. H. MANSUR, and GAGE, LADD & SMALL, for the appellants.

I. The answer of defendant contained two separate, valid defences, neither of which was denied or avoided by plaintiff's reply, and the motion for judgment ought to have been sustained. *Combs v. Insurance Company*, 43 Mo. 148; *Plumb v. Insurance Company*, 18 N. Y. 392; *Rohrback v. Insurance Company*, 62 N. Y. 47; *Alexander v. Insurance Company*, 66 N. Y. 464.

II. The court erred in instructing the jury, that the knowledge of one of the soliciting agents of defendant regarding the ownership of the property, and the fact that the other of them wrote out and forwarded an application for insurance to defendant, which stated that plaintiff was the owner of the ground, estopped the defendant from setting up such want of ownership by plaintiff, as a defence, under the provisions of the policy. So, also, the court erred in instructing for plaintiff that, under the evidence, the jury might find for plaintiff, although they might also find that there was a building within one hundred feet of the premises insured. See cases above cited. See, also, *Richardson v. Insurance Company*, 46 Maine 394; *Goddard v. Insurance Co.*, 108 Mass. 57.

III. The court erred in *refusing* defendant's instructions. See cases above cited, I and II. To constitute an estoppel, the knowledge must be *actual*, and in the mind of the agent at the time he makes or sees the mistake in the application, so that it becomes his positive duty to correct it.

A. W. MULLINS, for the respondent.

I. The motion asking for judgment on the answer was properly overruled. The reply contained a general denial, and, also, matters constituting an estoppel. Besides, such motion was improperly filed at the time. Sects. 3524, 3528, 3529, 3538, Rev. Stat. The defendant could only move for judgment—and then only at the proper time—in case there had been no reply on file. Sect. 3525, Rev. Stat.

II. There was no error committed by the trial court. Plaintiff never made any untrue statement or representation to defendant's agents, and concealed no facts from them. *The statements in the application were their own.* In such case the company is estopped from making an available defence predicated on incorrect statements in the application. *Combs v. Insurance Company*, 43 Mo. 148; *Insurance Company v. Wilkerson*, 13 Wallace (U. S.) 222; *Insurance Company v. Mahone*, 21 Wallace (U. S.) 152; *Mowry v. Rosendale*'s *Rec.*, 74 N. Y. 360; *Savings Bank v. Insurance Company*, 31 Conn. 526; *McBride v. Insurance Cowpany*, 30 Wis. 562; *Boggs v. Insurance Company*, 30 Mo. 63; Wood on Fire Insurance, sect. 388; *Franklin v. Insurance Company*, 42 Mo. 456.

III. The knowledge of the agents was sufficient to bind the company. *Van Schoick v. Insurance Company*, 68 N. Y. 434; *Bodine v. Insurance Company*, 51 N. Y. 117. The cases of *Rohrback v. Insurance Company* (62 N. Y. 47), and *Alexander v. Insurance Company* (66 N. Y. 464), are not in point. The contract there provided that the agent was "that of assured, and not of the company, under any circumstances, whatever."

ELLISON, J.—This is an action against defendant on a fire insurance policy. The plaintiff obtained judgment in the trial court, and defendant appeals.

From the facts shown in the statement, it is apparent that plaintiff was not the owner of the land upon which

the buildings insured were situated, but was the owner
of the buildings themselves.    It is also true that the ap-
plication stated he was the owner in fee simple of the
land.    It is also true that there were buildings within
one hundred feet of those insured, though the applica-
tion stated there were not.    The policy referred to the
application, and contained a warranty that the state-
ments in the application were correct.

It will be noticed, however, from the evidence, that
the plaintiff did not write out the application, nor did
he sign it, though, for the purposes of this case, it may
be assumed it was signed by his authority.    The agents
of the defendant took upon themselves the duty of filling
out the application, and themselves wrote in the answers
to the questions contained in the blank.    They were per-
fectly familiar with the locality, with the distance apart
of the different houses, and knew all about the title to
the land and the insured building standing thereon.    With
this knowledge, they themselves state what the title is,
as well as the distances.    While nominally, of course, it
is plaintiff's statement, it is, in fact, that of the de-
fendant, being made by its agents.    By owning the build-
ings, plaintiff had an insurable interest therein, and it is
not improper, under the circumstances, "to regard the
statements in the application respecting the plaintiff's
title as an expression of the opinion of the parties as to
the practical result" of the title.    *Combs v. Insurance
Company*, 43 Mo. 148.

·    So, the fact of there being other buildings within
one hundred feet of these, but so near one hundred feet
as to be practically the same, may well be taken as the
judgment of both parties, as to the distance, or that, if
less, it was substantially true, having in view the reason
of its insertion.

One of defendant's agents testified that he knew the
status of the title to the property, and knowing the dis-
tances apart of the buildings, as was said in *Combs v.
Insurance Company, supra*, Brinkley & Crawley were
the agents of defendant in soliciting insurance business,

but there was no evidence of the precise scope of their authority, beyond what already appears. Assuming that they acted as the agents of defendant in filling up the application, and did not therein exceed their authority, it follows that their acts were the acts of defendant, and that it is bound by what they did as though done by it, and that their knowledge is defendant's knowledge.

The fact that their agents had authority to take applications for insurance "carried with it the legal implication of authority to fill up the application, and to do all things which may be needful in perfecting it." *Combs v. Insurance Company, supra*. The acts of these agents were the acts of the defendant, and from this it follows, necessarily, that the doctrine of estoppel, *in pais*, applies, and defendant cannot now, after a loss, disprove statements that may well be said were made by it. It accepted this application, knowing the facts, and assumed the risks with this knowledge; it will not now be heard to disprove the truth of the statement. *Combs v. Insurance Company, supra; Plumb v. Insurance Company*, 18 N. Y. 392; *Rowley v. Insurance Company*, 36 N. Y. 550; *Insurance Company v. Wilkinson*, 13 Wallace, 222.

This case in 13 Wallace is an action on a life insurance policy, but the principle is there strongly asserted and the doctrine above announced is pointedly upheld. In that case, among other false statements in the application, which had been made out by the insurance agent, was one in regard to the age of the applicant, a most material matter in life insurance. Justice Miller says: "When these agents, in soliciting insurance, undertake to prepare the application of the insured, or make any representations to the insured as to the character or effect of the statements of the application, they will be regarded as doing so as the agents of the insurance companies, and not of the insured." The judge further says this principle is rendered necessary by the manner in which these agents are sent over the country.

We arereferred by counsel to the cases of *Rohrback v. Insurance Company* (62 N. Y. 47), and *Alexander v. Insurance Company* (66 N. Y. 464), as being authorities against the views herein expressed. Those cases, at first glance, appear to conflict with others in the same state, but an examination shows them to be distinguishable, in this, that in each of them the assured expressly covenants that the soliciting agents shall be considered his agents, and not the company's. Whether this would be held to alter the rule in this state it is not necessary to consider. We have no doubt of the correctness of the views in this opinion as applied to the evidence in this case. There are decisions in some jurisdictions which assert the contrary, but the better rule is, unquestionably, with us.

The judgment is affirmed. The other judges concur.