Mensing v. The Amer. Ins. Co.

J. H. MENSING, Respondent, v. THE AMERICAN INSUR-
ANCE COMPANY, Appellant.

**Kansas City Court of Appeals, May 20, 1889.**

1.  Insurance : WAIVER OF PROOF OF LOSS. The defendant having
    notified plaintiff during the currency of the time in which proof
    of loss might have been made, that it would recognize no liability
    whatever on account of the fire, thereby absolved plaintiff from
    the duty or necessity of proving the loss.

2.  ——— : AGENCY : NOTICE OF THE LIMITATION OF INSURER'S AGENT'S
    AUTHORITY BINDS ASSURED. An application for insurance made a
    part of the policy, though signed by the assured, was written by
    the defendant's soliciting agent, and described the property as a
    dwelling while in fact it was a boarding house and saloon, as the
    agent well knew, having taken the application on the property
    and drank at the bar. On the back of the policy there was, in
    large type, a notice that the defendant did not take risks on such
    property, and no agent had authority to take applications on such
    property. *Held,* plaintiff was not entitled to recover, as he will be
    presumed to know the contents of the application and policy and
    the limitation of the agent's authority in the absence of fraud of
    which there is no proof.

*Appeal from the Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

REVERSED.

*M. A. Fyke,* for the appellant.

(1) (*a*) The first instruction given for plaintiff is
erroneous. It assumes that defendant insured the house,
and it further assumes that said house was a dwelling
house. The first proposition defendant has been con-
testing all the way through the case and is still contest-
ing, because if the warranties in the application and
policy were not true, the policy did not attach and the
house was not insured. *Chrisman v. Ins. Co.,* 18 Pac.
Rep. 466. The second proposition in the instruction is
in direct conflict with plaintiff's own pleadings and evi-
dence. (*b*) Instruction number 2, given for plaintiff, is

erroneous. This instruction ignores the proposition that it was plaintiff's duty to have read his application and policy. *Fletcher v. Ins. Co.*, 117 U. S. 519, cases cited. (2) The company had the undoubted right to limit the authority of its agent, and if such limitation was brought to the knowledge of plaintiff, the defendant is not bound for any act of the agent beyond the scope of his authority. 2 Woods on Ins., sec. 411, p. 844; *Mitchell v. Ins. Co.*, 51 Pa. St. 402; *Lowell v. Ins. Co.*, 8 Cush. 127; *Reynolds v. Ins. Co.*, 36 Mich. 131; *Baines v. Ewing*, L. R. 1 Ex. 320; *Messeneau v. Ins. Co.*, 66 N. Y. 274; *Marvin v. Ins. Co.*, 85 N. Y. 278; *Bank v. Ins. Co.*, 62 Tex. 461; *Cotoir v. Ins. Co.*, 33 N. J. 487. And the *proviso* added by the court to instruction number 3 was improper, because if plaintiff knew that the agent had no authority to take applications on buildings used for saloons, it made no difference whether plaintiff knew what was in the application or not. When he received the policy he saw that it was written to cover a dwelling; he knew the building was not a dwelling; he ought at once, or within a reasonable time, to have returned the policy, or notified the defendant of the facts, and having failed to do so, he is estopped by his own negligence, and ought not to recover; for, by accepting the policy, he assented to and became bound by the conditions therein recited. *Moore v. Ins. Co.* 34 N. W. Rep. (Iowa), 183; *Swan v. Ins. Co.*, 86 Pa. St. 43; *Ins. Co. v. Neiberger*, 74 Mo. 173; *Goddard v. Ins. Co.*, 108 Mass. 57; *Richardson v. Ins. Co.*, 46 Me. 394; *Ryan v. Ins. Co.*, 41 Conn. 168. When the company limits the authority of its agent, and the assured knows, or as a prudent man ought to know, of such limitation, he deals with him in reference to matters in excess of his power at his peril. This is an elementary principle in the law of agency. 2 Wood's Ins., sec. 411, p. 845. The rule is well settled, we think, that where the agent has authority only to take applications and forward them to the company,

his knowledge of the facts touching the risk is not imputable to the principal so as to estop the principal from setting up a breach of warranty expressed upon the face of the policy. 2 Wood's Ins. [2 Ed.] sec. 413; *Alexander v. Ins. Co.*, 66 N. Y., 464; *Ins. Co. v. Curry* (Ky.) 1888, 2 W. Ins. Rev.; *Ins. Co. v. Hannawald*, N. W. Rep. 1888; *Ryan v. Ins. Co.*, 41 Conn. 168; *Putnam v. Ins. Co.*, 145 Mass. 265; *Ins. Co. v. Perrine*, 7 W. & Ser. 148. The foregoing rule is especially applicable when the company is a mutual one, and the assured is a member thereof. *Ins. Co. v. Grub*, 13 Bradwell (Ill.) 308; *Ins. Co. v. Perrine*, 7 W. & S. 348; *Hayden v. Ins. Co.*, 80 Va. 683; *Ins. Co. v. Foote*, 79 Ill. 361; *Harvey v. Ins. Co.*, Ramsay's App. Cases (Low. Can.) 378; *Mitchell v. Ins. Co. supra; Hackney v. Ins. Co.*, 4 Barr, 185; *Smith v. Ins. Co.*, 24 Pa. St., cas. cit. 325; *Ins. Co. v. Van Os*, 63 Miss. 431; *Bush v. Ins. Co.*, 63 N. Y. 168; *Stockton v. Ins. Co.*, 33 La. Ann. 577: *Arnstrong v. Ins. Co.*, 61 Iowa, 212; *Morse v. Ins. Co.*, 21 Minn. 407; *Ins. Co. v. Fay*, 22 Mich. 467. In order to charge the company, the assured must from the facts be warranted in relying upon it, that the agent had authority to do the act in question, and to bind the company in respect of the matter with which it is sought to charge it. 2 Wood on Ins., sec. 416, p. 858; *Galbraith v. Ins. Co.*, 12 Bush [Ky.] 29; *Vose v. Ins. Co.*, 6 Cush. [Mass.] 42; *Lowell v. Ins. Co.*, 8 Cush. 127; *Smith v. Ins. Co.*, 24 Pa. St. 323; *Cotoir v. Ins. Co.*, 33 N. J. 487; *Bonton v. Ins. Co.*, 25 Conn. 542; *Barry v. Ins. Co.*, 29 N. W. Rep. 31.

*Kagy & Bremermann*, for the respondent.

(1) It is well settled that the right to notice and proofs of loss is a right which the company may waive, and when the company denies all liability for the loss and refuses to pay the same, and places the denial and

refusal on other grounds than the failure to give notice or to furnish proofs, such denial and refusal avoid the necessity of notice and proofs and are a waiver of them. *Vas v. Robinson*, 9 Johns. 192 ; *Thomas v. Ins. Co.*, 6 Cow. 404; *McMasters v. Ins. Co.*, 23 Wend. 379 ; *O'Neal v. Ins. Co.*, 3 Comst. 122 ; *Ins. Co. v. Whitehall*, 23 Ill. 466 ; *Ins. Co. v. McDowell*, 50 Ill. 120 ; *Taylor v. Ins. Co.*, 9 Howard, 390 ; *Cobb v. Ins. Co.*, 11 Kansas, 93 ; *McComas v. Ins. Co.*, 56 Mo. 573 ; *Ins. Co. v. Maguire*, 51 Ill. 342 ; *Boyd v. Ins. Co.*, 70 Iowa, 325 ; *Ins. Co. v. Davis*, 98 Pa. 280. (2) No valid objection can be urged against plaintiff's first instruction. The objection that it assumes that defendant insured the house of plaintiff is not even technically objectionable. The policy is the written contract between the parties and it was not only the province but the duty of the court to tell the jury what the contract sued on was. A citation of authorities on such a proposition would be an insult to the intelligence of the court. Defendant, in its answer, admits that it insured this identical house. (3) As to the limitation of the authority of defendant's agent, it is sufficient to say that when defendant sent its agent out to solicit insurance, and clothed him with power to act for it at all, it treated him as clothed with authority to bind it as to all matters within the scope of his real or apparent authority. Persons dealing with him in that capacity are not bound to go beyond the apparent authority conferred upon him. *Bodine v. Ins. Co.*, 51 N. Y. 117 ; *Ins. Co. v. Fahrenkrug*, 68 Ill. 463 ; *Warner v. Ins. Co.*, 14 Wis. 318 ; *Ins. Co. v. Wilkinson*, 13 Wall. 222 ; *Taylor v. Ins. Co.*, 2 Dillon, 282 ; *Baker v. Cotter*, 45 Me. 236 ; *Ins. Co. v. Keyser*, 32 N. H. 313. He had a right to rely on the apparent authority of the agent. The agent received the premium from plaintiff and the company is bound by his act. Wood on Insurance [B. & B. Ed.] sec. 398, and cases cited.

ELLISON, J.—This action is based on a policy of fire insurance which referred to a written application which had been made by the assured and made such application a part of the policy. The application stated the property to be a dwelling house, and though signed by the assured, it was written by defendant's soliciting agent. The policy provided for proofs of loss within thirty days after the fire. On the back of the policy, in large type, was the following :

"NOTICE TO POLICY HOLDER.

"Insurance in this company is confined to farm houses, barns, and out-buildings ; private dwellings and private barns in towns, churches and school houses, and such personal property as is usually contained in such buildings, and no authority is given any agent to take any application in any other class of property, and not upon any property exposed within one hundred feet of a store, hotel, public boarding h ouse, mill, manufacturing establishment, or other extra or special hazard."

The property was a boarding house with a saloon in the front room. The fire occurred August 7, and on September 4, defendant wrote to plaintiff the following letter.

"Your favor of August 21, to Chas. L. Currier, Esq., touching claim of J. H. Mensing, has been referred to me. Permit me to say that the company denies any and all liability to Mr. Mensing whatever."

I. The defendant having notified plaintiff during the currency of the time in which proof of loss might have been made, that it would recognize no liability whatever on account of the fire, thereby absolved the plaintiff from the duty or necessity of proving the loss. *Boyd v. Ins. Co.*, 70 Iowa, 325 ; *Cobb v. Ins. Co.*, 11 Kansas, 93, and cases cited. Notice to plaintiff within the time, when proof might have been made, was tantamount to a declaration that, though the loss should be proved, payment would not be made.

II. But there is another important branch of this case which, in my judgment, prevents a recovery by the plaintiff. The assured stated in his application that the property was a dwelling house, and recognizing that it was in fact a boarding house and saloon, he seeks to avoid the statement in the application by the contention that such statement was fraudulently written by the agent without his knowledge, and that he was not aware of it being so stated, till after the loss had occurred. That the agent knew the kind of property it was, as he was in the building when the application was made, and that he took a drink, or a cigar with the assured at the bar of the saloon; and he invokes, in the support of this contention, the line of cases of which *Thomas v. Ins. Co.*, 20 Mo. App. 150, and cases therein cited are types.

But those cases are distinguishable from the one at bar in this vital particular: In the Thomas case, there was no limitation on the agent's authority brought home to the assured. In this case, the policy upon which the action is founded contains on the back thereof, in plain type, a limitation of the agent's authority. This stood as a notice to the assured, that the agent had not the power or authority to insure a boarding house and saloon. The defendant has the right, as has any other principal, to limit the authority of its agents. Any other rule would render much of the business of the company so hazardous as to work its destruction. *Ins. Co. v. Fletcher*, 117 U. S. 519; *Marvin v. Ins. Co.*, 85 N. Y. 278; *Bank v. Ins. Co.*, 62 Texas, 461. The effect of a recovery by plaintiff would be to hold defendant liable to plaintiff for a risk it declared, to him it would not take.

It is, however, urged that plaintiff did not know that his property was described as a dwelling, and that he did not know of the limitation of the agent's authority which appears on the policy. As there was no proof

or fraud, this is not a valid excuse. It was his duty to examine the application and the policy, and he will be presumed to know of their contents. *Palmer v. Ins. Co.*, 31 Mo. App. 467, and cases cited; *Ins. Co. v. Neeberger*, 74 Mo. 167. The testimony showed that plaintiff had insured with the defendant company in three other policies, issued at times prior to this one, each of which contained the same provision restraining the agent's authority.

The judgment should be reversed, and it is so ordered. All concur.