A. B. Shoup, Respondent, v. The Dwelling-House Fire Insurance Company, Appellant.

Kansas City Court of Appeals, November 14, 1892.

1. **Insurance:** stipulations as to title and as to agent's act. A policy of insurance stipulated that any misrepresentation as to title in the application should avoid the entire policy, and that no act or

statement made to or by the agent should bind, unless inserted in the contract. The application showed a fee-simple title in the insured, though she, as the fact was, told the agent she only had a life-estate. *Held*, the policy was void.

2. ———: VOID AS TO REALTY: VOID AS TO PERSONALTY. A policy stipulating that any misrepresentation as to the title of the realty should avoid the entire policy is *held* void as to the personalty. also, since it had become so as to realty by reason of a misrepresentation as to the title. (Missouri cases distinguished and followed.)

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED.

*Joshua F. Hicklin* and *Ed. E. Yates*, for appellant.

(1) Assured not being sole, unconditional owner in fee simple, policy is void. Could cite scores of cases, but not necessary. *Barnard v. Ins. Co.*, 27 Mo. App. 33; 1 May on Insurance [3 Ed.] sec. 294*g*. (2) Plaintiff dealt with an agent of limited authority. This limitation upon his authority was clearly expressed in the application, also in the policy retained in the possession of the plaintiff for one year, eight months and nine days. She cannot now be heard to say that she did not read the notice made prominent by the use of fat type in the application just above her signature: "Before signing, the applicant should carefully examine the foregoing questions, answers, statements and warranties, as this application will be relied upon by the company in accepting or rejecting the risk." And again both in the application and policy: "The company shall not be bound by any act done or statement made by or to any agent, or other person, which is not contained in this, my application." As is stated in *Mensing v. Ins. Co.*, 36 Mo. App. 602: "It was her duty to examine the application and the policy, and she will be presumed to know of their contents." *Allen v.*

*Ins. Co.,* 25 N. E. Rep. (N. Y.) 309; *Palmer v. Ins. Co.,* 31 Mo. App. 467, and cases cited. Where there is no limitation on the agent's authority, it is the law of this state that the assured cannot avoid the force of statements made in the application, unless he was induced to sign it by the fraud or imposition of the agent. *Herndon v. Triple Alliance,* 45 Mo. App. 426. (3) Where there is a limitation upon the authority of . the agent, clearly expressed in the contract signed, of which the assured had notice or as a prudent person ought to have had notice, he is bound by its statement and cannot defeat the effect of them by pleading the knowledge of the agent obtained either in the course of the transaction under consideration, or extraneously. *Loehner v. Ins. Co.,* 17 Mo. 247; 1 May on Insurance [3 Ed.] sec. 137, and cases cited; *Mensing v. Ins. Co.,* 36 Mo. App. 602; *Chase v. Ins. Co.,* 20 N. Y. 52; *Shawmut v. Ins. Co.,* 9 Allen, 332; *Hill v. Assurance,* 12 N. Y. Sup. 86; *Franklin v. Martin,* 40 N. J. Law, 568, and cases cited. (4) The policy sued on is an entirety. This "entire policy shall be void," is its language. This does not mean a part of it. So held in case of *Holloway v. Ins. Co.,* 48 Mo. App. 1. The statement in application as to number of acres of land, being untrue, avoids the policy. *Bennett v. Ins. Co.,* 50 Conn. 420.

*W. W. Fry,* for respondent.

(1) When a fact is known to an insurance agent it is known to his principal, and such knowledge, even though the fact is required by the terms of the policy or application to be noted on its face, is a waiver of such requirement. *Combs v. Ins Co.,* 43 Mo. 151; *Thomas v. Ins. Co.,* 20 Mo. App. 150; *Hamilton v. Ins. Co.,* 94 Mo. 368; *Franklin v. Ins. Co.,* 42 Mo. 459;

*Russell v. Ins. Co.,* 55 Mo. 594; *Breckenridge v. Ins. Co.,*.87 Mo. 62. (2) And the agent must determine and answer, "Do you fully recommend this risk as free from all moral and financial ·hazard?" And the agent must not only see that all the questions are "fully" and "satisfactorily" answered, but he is to write out the answer. "Having put the agent in a position where he may perpetrate a fraud upon innocent third parties, the principal will not be allowed, as against such third parties, to retain the fruits of the fraud and defeat a claim of reparation by saying that he justifies the end, but that the means used by the agent, conceding that the principal is innocent of any active fraud, is not justifiable; yet, when a case arises that he or an innocent third party must suffer by the fraud of the agent, the principal who conferred authority upon the agent must suffer the loss rather than the innocent third party." *Wolfe v. Pugh,* 101 Ind. 293; Mechem on Agency, sec. 743. (3) In any event the defendant is liable for the loss on the household goods. *Crook v. Ins. Co.,* 38 Mo. App. 582; *Koontz v. Ins. Co.,* 42 Mo. 126; *Loehner v. Ins. Co.,* 17 Mo. 247.

ELLISON, J.—This action. is founded on a policy of insurance containing the following stipulations: "Dwelling-House Insurance Company of Boston,. Massachusetts, in consideration of the stipulations. herein named, and of $21.50 premium, does insure A. B. Shoup against all direct loss or damage by fire or ·lightning, except as hereinafter provided, to an amount not exceeding, etc.

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any fact or circumstance concerning this insurance, or the subject thereof; or if the interest of the insured in

the property be other than the absolute interest and not so and truly stated herein.  *   *   *

"This entire policy shall be void if the interest of the insured be other than unconditional and sole ownership, free from all liens whatever; or if the subject of the insurance be a building on ground not owned by the insured in fee simple.

"By the acceptance of this policy the insured covenants that the application herefor shall be and form a part hereof, and a warranty by the insured, and the company shall not be bound by any act or statement made to or by any agent unless inserted in this contract."

The application for insurance represented plaintiff to be the absolute and sole owner in fee of the property insured, and of two hundred acres of ground upon which it stood. The facts were that plaintiff, as a widow, only had a homestead interest for life in the property, she also having a large family of children. Plaintiff, however, seeks to avoid the discrepancy between her representation in the application and the fact, by showing that the agent of the insurance company who solicited the insurance wrote out the application which she signed, and that she informed him verbally of the true state of the title. It has been held in this state that an insurance agent will be taken and assumed to have power to do that for his principal which is within the range of the apparent authority with which the company has clothed him. And that in cases where the agent himself knew or was informed of the true state of the title it would be taken to be the knowledge of the company, notwithstanding what was said in the application. *Combs v. Ins. Co.*, 43 Mo. 148; *Thomas v. Ins. Co.*, 20 Mo. App. 150; *Franklin v. Ins. Co.*, 42 Mo. 456; *Hayward v. Ins. Co.*, 52 Mo. 181; *Breckenridge v. Ins. Co.*, 87 Mo. 62.

As was said, however, in *Mensing v. Ins. Co.*, 36
Mo. App. 602, a case presenting a point similar, in
some respects, to the one here, this case is not of that
class, for the reason that in this case there is a limita-
tion of the agent's authority brought home to the
insured by being found both in the application and
policy. Here it is sought to bind the company by a
statement made to the agent, which the policy and
application declare shall not bind the company, unless
it be incorporated in the application. The assured is
warned in express language, to which attention was
particularly called in plain type and terms in the
application, that the agent had no authority to take
notice of anything beyond what was written in the
application, and that the application *as written* would
govern the company in issuing the policy and assuming
the risk. This case belongs to the class of cases spoken
of in 1 May on Insurance, sections 137, 137*a*, where
the author says: "Of course, if the insured stipulate
in his application that the insurer shall not be bound by
any act done or statement made to or by the agent not
contained in the application he cannot shelter himself
under a plea of equitable estoppel."

That language finds direct support in an opinion
by Judge SCOTT, in the case of *Loehner v. Ins. Co.*,
17 Mo. 247, a case not to be distinguished from this, in
so far as the present point is concerned. We must
hold it to be directly in plaintiff's way of recovery.
Among other things, it is there held, under a similar
limitation to the one at bar, that plaintiff would not be
at liberty to show that the agent was informed of the
true condition of the title. To the same effect are the
cases of *Chase v. Ins. Co.*, 20 N. Y. 52, and *Fitzmaurice
v. Ins. Co.*, from the supreme court of Texas, not yet
reported. We are, therefore, constrained to hold that

the representation as to the title has avoided the policy, at least as to the real property.

The further question presents itself, viz., is the whole policy avoided so as to defeat the insurance therein on the plaintiff's personal property which is separately stated and valued? In *Crook v. Ins. Co.*, 38 Mo. App. 582, we held on a policy declaring that a false warranty as to title or incumbrance would render the policy void, that it would only avoid the policy as to the real property about which the false information was given, and permitted a recovery on that portion of the policy covering personal property. In that case, as is therein explained, we were compelled to draw a distinction between the cases of *Loehner v. Ins. Co.*, 17 Mo. 247, and *Koontz v. Ins. Co.*, 42 Mo. 126, and the case of *American Ins. Co. v. Barnett*, 73 Mo. 367. A distinction between statements declaring that a policy should be void, as in the first two cases where recovery was allowed for personal property, and that it should be void, and that *no recovery should be had for any loss of the property or any part or portion thereof*, as in the latter case, where it is said that a recovery for the personal property would not be allowed. Whether this distinction is without any substantial difference need not be inquired by us. The only thing we can now seek to do is to ascertain which of these different rules the case at bar should be placed under. The present policy, on this head, reads: "This entire policy shall be void if the interest of the insured be other than unconditional and sole ownership, free from all liens whatever; or if the subject of the insurance be a building on ground not owned by the insured in fee simple." This provision would seem to indicate that the representation as to the title to the real estate affected and influenced the whole contract of insurance, and that if

such representation was false "the *entire*" policy would be void.

We are greatly influenced to this conclusion by the yet unreported case in the St. Louis Court of Appeals, of *Holloway v. Dwelling-House Ins. Co.* [48 Mo. App. 1], where Judge ROMBAUER, speaking for the court determines that a similar provision rendered the policy void *in toto*.

The judgment then must be reversed. All concur.