BURNHAM, HANNA, MUNGER & COMPANY, Respondents, v. THE GREENWICH INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

Kansas City Court of Appeals, June 3, 1895.

1. **Insurance: WRITTEN STIPULATION AGAINST WAIVER.** Even though the policy may require the assent to further insurance to be evidenced by writing and though there be further provision that such condition shall only be waived in writing, yet such condition can be dispensed with by the insurer by oral consent, following same case, 56 Mo. App. 579. Additional authorities reviewed and discussed.

2. ———: ———: CORPORATION: PAROL WAIVER. As a corporation can not exercise its will or do any act whatever except through its officers, it can not disable itself by stipulation restricting its officers to subse-quently waive any of the conditions, unless in writing. A written agreement is of no higher legal degree than a parol one. Either may vary or discharge the other.

3. ———: KEEPING BOOKS: PRACTICE. The question as to whether the insured kept the books required by the policy is fairly submitted to the jury; and, as the books are not in the record, the appellate court can not declare as a matter of law whether they were such books as required.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Warner, Dean, Gibson & McLeod* for appellant.

(1) When the contract issued by the insurance company and countersigned and delivered by the agent specifies that the agent is restricted as to the subject-matter of the insurance or as to the manner of changing or extending the contract, or consenting to additional insurance, or other matters by which the risk may be greatly enlarged, and such restrictions or limitations are set out in the contract received and relied upon by the insured, he is in no position to deny that he is not bound by them. To permit it is against all reason, as it is against all authority. That the insurer has the right to thus limit the powers of its agents, will not be seriously debated. *Quinlan v. Ins. Co.*, 133 N. Y. 356, 362; *Bard v. Ins. Co.*, 153 Pa. St. 257; *Smith v. Ins. Co.*, 15 Atl. Rep. ——; *Kyte v. Ins. Co.*, 144 Mass. 46; *O'Brien v. Ins. Co.*, 134 N. Y. 28; *Ins. Co. v. Fletcher*, 117 U. S. 530; *Kirkman v. Ins. Co.*, 57 N. W. Rep. 954; *Shoup v. Ins. Co.*, 51 Mo. App. 287; *Mensing v. Ins. Co.*, 36 Mo. App. 602, 607; *Gladding v. Fire Association*, 66 Cal. 6; *Ins. Co. v. Ice Co.*, 36 Md. 102; *Enos v. Ins. Co.*, 67 Cal. 621; *Ins. Co. v. Conover*, 98 Pa. St. 384; *Ins. Co. v. Imp. Co.*, 100 Pa. St. 137; *Sugar Refinery Co. v. Ins. Co.*, 20 Fed. Rep. 480; *Carey v. Ins. Co.*, 54 N. W. Rep. 18, 21.

*Karnes, Holmes & Krauthoff* for respondents.

"When a case has been decided by an appellate court upon solemn argument, and again comes to such court by appeal, or writ of error, only such questions

will be noticed as were not determined in the previous decision. Whatever was passed upon must be regarded as *res adjudicata.*" *Hombs v. Corbin,* 34 Mo. App. 393, 397; *Feurt v. Ambrose,* 34 Mo. App. 360, 370; *Galbreath v. Newton,* 45 Mo. App. 312, 323; *Galbreath v. Rogers,* 45 Mo. App. 324, 327; *Masterson v. Railroad,* 58 Mo. App. 572, 575; *Bank v. Lumber Co.,* 1 Mo. App. 120; *Cherry v. Railroad,* 1 Mo. App. ——; *Lane v. Railroad,* 35 Mo. App. 567, 569; *Belch v. Miller,* 37 Mo. App. 628, 631; *Koch v. Hebel,* 40 Mo. App. 241, 242.

SMITH, P. J.—This is an action on a policy of fire insurance. The case, on the record now before us, is not different from that which was presented when it was here on a former appeal, as may be seen by reference to 56 Mo. App. 579; therefore, no other statement of the case need be made than there appears.

When the cause was here on the former appeal, the judgment, which was for the defendant, was reversed and the cause remanded. Since then there has been a retrial in the court below, which resulted in judgment for plaintiffs and from which defendant has appealed. A careful analysis and comparison of the points and authorities presented by the defendant's brief in this case, will show that, with the exception of the additional cumulative authorities hereinafter noticed, there is little, if anything, presented for our consideration, beyond that which was presented by its brief on the former appeal.

In deciding the case on the former appeal, speaking through Mr. Justice GILL, we then said: "Notwithstanding there is serious conflict in the decided cases, a large preponderance of authority will be found in favor of the proposition that, even though the policy may require the assent to further insurance, to be evidenced by writing, and though there shall be further

provision that such a condition shall only be waived in writing, or indorsed on the policy, yet such conditions can be dispensed with by the company, or its agents by oral consent, as well as by such writing indorsed on the policy.'' By reference to the briefs of counsel, it will be seen that this statement of the law is upheld by numerous authorities, both within and without this state, a review of which in detail would, we think, subserve no useful purpose here. And while this is so, it must be conceded that there are many respectable authorities, cited by defendant, which declare the law to the contrary.

We are not prepared to lend our sanction to the defendant's animadversion on the reasoning of the court in *Lambertin v. Insurance Co.*, 39 Minn. 129, which was approvingly quoted by us in the course of the opinion on the former appeal. The rule in that case was not changed until the adoption of the law of this state providing for a standard form of policy. *Anderson v. Ins. Co.*, 60 N. W. Rep. 1095. The *Lambertin* case has been cited with approval in *Insurance Co. v. Parsons*, 47 Minn. 352; *Insurance Co. v. Gray*, 43 Kan. 497; *Ins. Co. v. Munger*, 49 Kan. 178; *Farwin v. Ins. Co.*, 85 Cal. 246; *Reiner v. Ins. Co.*, 74 Wis. 89; and extensively quoted in 2 Beach on Insurance, sections 787, 788. It but reasserted the rule previously announced in *Insurance Co. v. Earl*, 33 Mich. 153; *Insurance Co. v. McCrea*, 8 Lea. 513; *Insurance Co. v. Norton*, 96 U. S. 234. In view of this, we think it will hardly do to say that the reasoning in the *Lambertin case* is unsound and entitled to no consideration.

In this connection, it may not be improper to briefly notice the cases now referred to by defendant for the first time. *Kirkham v. Insurance Co.*, 57 N. W. Rep. 953, an Iowa case, was one where the policy provided that ''no officer, agent or employee of this com-

pany, or any other person, can in any manner waive any of the conditions, provisions, or requirements of this policy, *except the secretary, and he only in writing.*" Manifestly, that stipulation is not at all analogous to that in this case, so that the ruling thereon can have no application here. *Ruthven v. Insurance Co.*, 60 N. W. Rep. 663, likewise an Iowa case, where the policy provided in substance, that no officer, agent or other representative of the company should have power to waive any provision or condition of the policy, except such as, by the terms of the policy, may be the subject of agreement, indorsed thereon, or added thereto. It is stated in the opinion that there is some conflict in the authorities, as to whether this kind of a provision is valid or not. It is held, however, that the provision was a limitation upon the power of the special local and adjusting agents of the company, and that any agreement or waiver which they attempted to make would not be binding on the company. This case, it must be conceded, sustains the defendant's contention.

*Insurance Co. v. Gibbons*, 43 Kan. 15, was where the restriction in the policy was in terms the same as that in the first of the above referred to Iowa cases. The case is, therefore, not in point here. *Clevenger v. Insurance Co.*, 2 Dakota, 114, was where the policy provided that no forfeiture thereunder should be waived, unless the waiver should be in writing, signed by the president or secretary of the company. It is thus seen that this case likewise is not in point. *Assurance Co. v. Williams*, 21 S. W. Rep. 370, the restrictive clause of the policy was the same as that in this case. It was held that the clause put the insured upon notice, that the agent had no authority to waive a condition of the policy, except in writing attached to the policy, and the insured would therefore have no right to rely upon any waiver not made in that manner, unless it could

be shown that the company did, in fact, authorize the agent to make the waiver otherwise. To establish such authority on the part of the agent, the insured would have to show that it was expressly granted by the company in the given instance, or would have to show some previous course of dealing in similar cases by the agent, with the company's consent, manifested by ratification. This case is not well considered. The possible invalidity of such general restriction seems not to have been suggested to or considered by the learned court. The grounds upon which the case is reasoned are too narrow and circumscribed to be given any heed in the consideration of the question here.

In *Smith v. Insurance Co.*, 60 Vermont, 682, it is stated, that, "one condition of the policy is that no officer, agent, or representative of the company should be held to have waived any of the conditions of the policy, unless such waiver was indorsed on the policy. This provision was a valid one, and binding upon the parties, and effect should be given to it. While defendant could give its oral consent to a waiver of the statement, no officer, agent, or representative could consent, unless the consent was indorsed on the policy." Since the corporation could speak in no other way than through its officers, agents and representatives, it is too difficult for us to understand how it could give its *oral* consent to a waiver, while its officers, agents and representatives, through whom alone it could speak, could not, while acting for it in their representative capacity, indicate their consent to a waiver, unless such consent was indorsed on the policy. If the corporation gave its oral consent to the waiver, it was expressed through some officer, agent, or representative, for it could not be done in any other way. It is absurd to say that the corporation could give its oral consent, and that its officers, agents and representa-

tives, through whom it expressed the same, could not do so for it, except the same be in writing. The reasoning of the case in this respect is not sufficiently clear to entitle it to be considered as an authority in support of defendant's contention.

These cases, with the single exception of that from Iowa already noticed, do not reinforce or supplement those previously relied on by defendant. Even if the tendency of all of them were to support the principle contended for, yet they would establish no more than the truth of the remark made in our former opinion, to the effect that, "there is a serious conflict in the decided cases." We do not doubt that a clause in a policy of insurance, providing that a particular class of officers or agents, or particular officer or agent, shall not have power to enter into any subsequent agreement to alter, change, or modify any of the conditions of such policy, except in the mode and manner therein specified; or that only certain designated officers, or agents, should have power, under any circumstances, to do any act or enter into any agreement, whereby performance of any condition of the policy may be waived, altered or abrogated, would be valid and efficacious. Where there is an express stipulation of this kind inserted in the policy, there can be no waiver of any condition of the policy, by any officer, or agent, or in any manner or mode, other than that specially provided in the stipulation. As illustrative of this principle, the following cases in this state are in point: *Barnes v. Ins. Co.*, 30 Mo. App. App. 539; *Mensing v. Ins. Co.*, 36 Mo. App. 602.

The cases just cited must not be confounded with the class which hold that though there be a stipulation in the policy providing that, if other insurance be taken without the written consent of the insurer indorsed on the policy, that avoids the policy; yet, if such other insurance be taken and notice thereof given to the

insurer, or its agent, and no objection is made thereto, the insurer will not be permitted to insist on a forfeiture because its consent thereto is not indorsed as literally required by the stipulation. *Hamilton v. Ins. Co.*, 94 Mo. 369; *Pilkington v. Ins. Co.*, 55 Mo. 172; *Hayward v. Ins. Co.*, 52 Mo. 181; *Harwitz v. Ins. Co.*, 40 Mo. 557; *Crowell v. Ins. Co.*, 47 Mo. App. 109; *Anthony v. Ins. Co.*, 48 Mo. App. 66. The cases just cited uphold the proposition that an agent invested with general authority can bind the insurer by oral agreements and by verbal waivers of the conditions of the policy.

But the question here is, as in *Lambertin v. Ins. Co.*, *supra*, whether a clause in the policy providing that no officer, agent, or other representative of the insurer shall have power to waive any condition of the policy, or be held to have waived the same, unless the waiver be written upon or attached to the policy, is valid. This prohibitory clause extends to every officer, agent, or representative of the corporation. In its scope and breadth it includes president, directors, and other officers of the corporation. By its very terms, no officer, agent or representative of the company is excepted out of its operation. A corporation can not express its will, or in any act whatever, except through the instrumentality of its officers and agents. To tie the hands of these, is to tie those of the corporation. It is elementary law that a corporation, having legal capacity to enter into a contract, respecting any subject-matter, and which does so, can not disable or incapacitate itself by stipulation in the contract to subsequently waive any of the conditions, or to enter into any agreement for the modification or abrogation of any of the conditions, unless in writing. A written agreement is of no higher legal degree than a parol one. Either may vary or discharge the other, and there can be no more

force in an agreement in writing not to agree by parol, than in a parol agreement not to agree in writing. Every such agreement is ended by the use of one which contradicts it.

The reasoning of the adjudged cases referred to in plaintiff's brief along these lines, it seems to us, is unanswerable. Under the restrictive clause in question, not even the president and board of directors have power to waive any condition of the policy, except in writing. Even though the insured had notified them that he had taken out additional insurance in another company, they were powerless under the restriction to orally consent to such additional insurance, or to waive the condition requiring such consent to be in writing. It appears to us that both upon principle and authority a restriction in a policy which is so general in its scope and application as this must be held invalid and inefficacious.

As to the New York cases cited by defendant, it is sufficient to say that there a standard form of policy, analogous to that here, has been provided by statute, which statute there has the same effect as our statute of frauds. But here a valid contract of insurance may be made by parol, and so it follows, of course, that a valid modification of such contract may be subsequently made by parol. *Baile v. Ins. Co.*, 73 Mo. 371.

There is nothing in *Shoup v. Ins. Co.*, 51 Mo. App. 286, at variance with what was ruled in our former opinion. The policy there provided that the insurer should not be bound by any act or statement made to "any agent" unless inserted in the application, which formed the basis of the contract. The case is in no way analogous to this. The clause just referred to is wholly dissimilar to that containing the restriction in

this case.   The validity of the restriction there was not subject to question, while here it is.

The restrictive clause in this case being inefficacious, the policy must be read and construed as if it had never been therein inserted; consequently the agent of the defendant, who was clothed with the general power to solicit and consummate contracts of insurance within his territory, stood in the stead of the defendant, and represented its whole power to give validity to contracts, which he was authorized to execute and deliver, and to waive conditions precedent to liability, by oral agreement, including the condition as to the mode of waiver of such conditions precedent.

The defendant further objects that the assured failed to perform their covenant to keep a set of books, showing a record of the business transacted by them, including all purchases both for cash and credit.   The court gave for plaintiff an instruction telling the jury that the insured, under the policy, were required to keep such books only as constituted a record which a person of ordinary intelligence, accustomed to accounts, could understand.   And for defendant it gave three instructions, which, in substance, informed the jury that if the insured failed to keep a book record, or a set of books showing all the business transacted by them, including all purchases from the time of the issue of the policy up to the fire, together with the last inventory of a stock, their verdict should be for the defendant.   It sufficiently appears that the insured kept books of account in their business, but as these are not to be found in the record, we are not able to say, as a matter of law, whether or not they were such books as were required by the provisions of the policy. Whether they were so in fact, was submitted, under the evidence and unexceptionable instructions, to the jury, whose finding is conclusive on us.

First and last in this case, we have listened to four very able and exhaustive oral arguments, supplemented with printed briefs containing several hundred pages, to all of which we have given our most attentive consideration, and which has resulted in the one conclusion expressed in our former opinion. The judgment, therefore, will be affirmed. All concur.