THOMAS J. AYRES, Respondent, v. PHOENIX INSURANCE COMPANY OF HARTFORD, Appellant.

St. Louis Court of Appeals, April 21, 1896.

Insurance, Fire: WARRANTY AS TO TITLE: ESTOPPEL. A fire insurance company can not avail itself of a warranty on the part of the insured, that he is the unconditional and sole owner of the property insured, when its local or soliciting agent (within the scope of whose agency the matter was) knew at the time of the issue of the policy that the insured owned and intended to insure only an undivided half of that property.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

Even if plaintiff is not bound by the application, which was signed by Alvis (who from the testimony appears to have been as much the agent of plaintiff as of the defendant), still by accepting the policy, describing the property as his, he warranted that he was the sole owner thereof. *Bomard v. Ins. Co.*, 27 Mo. App. 26; *Ins. Co. v. Barrett*, 73 Mo. 374; *Mens v. Ins. Co.*, 68 Mo. 127. The question is not whether the assured had an insurable interest in the property, but whether that interest was sole, unconditional, and entire. *Clay, etc., Ins. Co. v. Mfg. Co.*, 31 Mich. 346. (2) It was not within the actual authority of Alvis to issue policies, nor to waive conditions. Neither was it within the apparent authority. Therefore, the fact that he knew

the condition of the title and the extent of plaintiff's interest does not affect the defendant. *Jenkins v. Ins. Co.*, 58 Mo. App. 210; *Shown v. Ins. Co.*, 51 Mo. App. 286.

*Clark & Dempsey* for respondent.

BIGGS, J.—This is an action on a policy of fire insurance. The policy is dated September 22, 1894, and by it the defendant agreed with plaintiff to insure his brick building for the period of one year from that date. On the night of the fourteenth of October following, the building was completely destroyed by fire. The plaintiff gave due notice of the fire and furnished proper proofs of loss, and upon the refusal of the defendant to pay he instituted this action to recover the amount of the insurance, to wit, $1,200.

The answer is that the plaintiff only owned an undivided one half of the property, whereas in his application for the insurance he represented that he was the sole owner, and that it was provided by the policy that the application should be a part of the contract, and that representations therein made should be treated as warranties, and, if not true, the policy should be avoided. In addition to this it averred that the policy itself provided that, "if the interest of the insured be not truly stated herein * * * or if the interest of the insured be other than unconditional and sole ownership," then the entire policy should be void. The policy by its terms insured "his (plaintiff's) two-story, double brick, metal-roof building, being $600 on each half, occupied for general store and dwelling purposes," etc.

In his reply the plaintiff denied making any written application for the insurance, or that he authorized anyone to make it for him. By way of an

avoidance of a forfeiture the reply averred that the condition and extent of plaintiff's title or interest in the property was well known to the agent of the defendant who solicited the insurance and procured the policy, and that any mistake in reference thereto in the policy was not the fault of the plaintiff, but that of the agent. It was further alleged that the policy was delivered to plaintiff by the defendant's local agent late during the afternoon of October 12; that the property was burned two days thereafter, and that the plaintiff on account of the press of other business had not the opportunity to examine the policy and was not aware of its terms or conditions until after the loss occurred.

The cause was submitted to the court without a jury, and at the close of the evidence the defendant asked that the plaintiff be nonsuited. The court refused the instruction, and the defendant excepted and still excepts. The plaintiff asked no instructions. The finding and judgment were for the plaintiff, and the defendant has appealed.

The property insured was situated in the town of Curryville. The plaintiff is a merchant and was doing business in a neighboring town. J. W. Alvis, the defendant's local or soliciting agent, lived in Curryville. The facts may be summarized as follows: Prior to and at the time the policy was issued, Alvis had also been soliciting insurance for two or three other insurance companies. He was well acquainted with the property, and knew that the plaintiff's interest was an undivided half. He had formerly insured this property for plaintiff in another company. Just before the expiration of the former policy he spoke to plaintiff about renewing the insurance, and the latter expressed a a wish to have the new insurance placed with the defendant company. Acting on this suggestion, Alvis made

out an application for the insurance, and, without the plaintiff's knowledge, signed the plaintiff's name to the application and forwarded it to the defendant's office. Alvis testified that, in making out the application, he intended to insure one half interest in the property, that being the extent of the plaintiff's interest, but through inadvertence he represented in the application that the plaintiff was the sole owner. When the policy was first received, the plaintiff refused to accept it when he learned what the premium was, and, without reading it, he handed it back to Alvis with a request that he write to the company for a lower rate. Alvis corresponded with the defendant and, having learned that a lower rate could not be secured, he so informed the plaintiff late in the afternoon of October 12. The plaintiff concluded to accept the policy, and, without reading it—being very busy at the time—he paid Alvis the premium. On the second day thereafter the house burned.

It is very clear that the application prepared by Alvis can cut no figure in the disposition of the case. The plaintiff did not authorize it to be made, did not know that it had been made, and ought not to be prejudiced on account of it. But this is a matter of no particular moment, as the policy itself contains the representation or warranty that the plaintiff was "the unconditional and sole owner" of the building. As the general law of insurance does not require the interest of the assured to be described in the policy, it has been held in this state that representations or statements in the policy in respect of his title will be regarded in the nature of warranties. *Franklin v. Ins. Co.*, 42 Mo. 459; *Mers v. Ins. Co.*, 68 Mo. 127. Now, it is conceded that the plaintiff only owned an undivided half interest in the building, and, were the defendant not estopped from availing itself of the forfeiture of the

policy, the judgment of the circuit court would have to be set aside. If the defendant was misled in issuing the policy, the undisputed evidence shows that it was through the fault or neglect of Alvis. The plaintiff made no representations whatever, and Alvis admits that he knew all about the title to the property. Under these circumstances the defendant is bound by the knowledge of its soliciting agent (the matter being within the scope of his agency), and, in issuing the policy, it must be presumed to have waived the conditions or representations as to the title. This is the doctrine of numerous decisions in this state. *Franklin v. Ins. Co.*, *supra*; *Mers v. Ins. Co.*, *supra*; *Roberts v. Ins. Co.*, 26 Mo. App. 92; *Barnard v. Ins. Co.*, 38 Mo. App. 106; *Breckenridge v. Ins. Co.*, 87 Mo. *loc. cit.* 71; *Combs v. Ins. Co.*, 43 Mo. 148; *Thomas v. Ins. Co.*, 20 Mo. App. 150; *Parsons v. Ins. Co.*, 31 S. W. Rep. 117.

The defendant cites and relies on the cases of *Loehner v. Ins. Co.*, 17 Mo. 250, and *Shoup v. Ins. Co.*, 51 Mo. App. 286. In both of these cases statements were plainly printed in the policies that the companies would not be bound by any statements made to agents and not contained in the applications. Hence it was very properly held in both cases that evidence, that the assured did in point of fact disclose to the agents the true condition of their titles, was inadmissible.

We are of the opinion that the judgment of the circuit court is right, and it will be affirmed. All the judges concur.