AMANDA A. RICKEY et al., Respondents, v. GERMAN
GUARANTEE TOWN MUTUAL FIRE INSURANCE
COMPANY, Appellant.

### Kansas City Court of Appeals, April 3, 1899.

1. **Insurance**: AGENT WRITING APPLICATION: ESTOPPEL. Where an
insurance agent writes the application with full knowledge of the
character of the chimneys in the building the insurer is estopped from
denying liability on the ground that the chimneys are such as the
policy said were not insurable.

2. ———: LIMITATIONS OF AGENT'S AUTHORITY. Though the applica-
tion limits the agent's authority to buildings with certain kinds of
chimneys this will not prevent his taking policies on other buildings
when the application elsewhere permits such policies on conditions.
Cases distinguished.

3. ———: POLICY LIMITING AUTHORITY TO WAIVE. A policy containing
a stipulation that the secretary of the company only could waive its
conditions is confined to matters transpiring after the issuing of the
policy and not to prior matters. Cases distinguished.

4. ———: KNOWLEDGE OF AGENT: DUAL AGENCY. Where a loan is
made and insurance obtained by the common agent of two companies
at the same time so that the two transactions are practically one, the
insurer is affected with notice of the agent's knowledge of the build-
ings insured. Cases distinguished.

5. ———: MUTUAL COMPANY: KNOWLEDGE: ESTOPPEL. The general
principles relating to waiver and estoppel by the knowledge and
conduct of their agents apply to mutual companies as well as to
ordinary insurance companies.

*Appeal from the Gentry Circuit Court.*—HON.
C. A. ANTHONY, Judge.

AFFIRMED.

FYKE, YATES, FYKE & SNIDER for appellant.

(1) The court erred in admitting evidence concerning
the knowledge of Kelso as to incumbrances upon the land.

acquired as agent of Henly. If defendant can, under the contract in this case, be affected with knowledge of the agent, it can only be affected with such knowledge acquired by the agent in the transaction of defendant's business; knowledge acquired by Kelso while acting as agent for Henly in examining the farm can not be imputed to defendant. Bank v. Fritze, 2 Mo. App. Rep. 2. (2) The defendant in this case is not affected by Kelso's knowledge, because plaintiff is barred by the statements and warranties contained in the application. Both the application and policy advised plaintiff that no statement made to the agent and not contained in the application could affect defendant, and that no one but the secretary of the company had power to waive any of the conditions of the contract. Shoup v. Ins. Co., 51 Mo. App. 286; Lama v. Ins. Co., 51 Mo. App. 447. (3) It is immaterial what knowledge the agent had regarding the chimneys; the plaintiff was notified in plain language and type that the defendant did not insure buildings with stovepipe entering the flues from the bottom. This was express notice that the authority of the agent was limited. The assured is bound by such limitation. Mensing v. Ins. Co., 36 Mo. App. 602. The second instruction given for plaintiff is erroneous. Bank v. Fritze, *supra;* Ins. Co. v. Johnson, 45 Pac. Rep. 789. Plaintiff's third instruction is bad for the same reason. (4) Defendant's third instruction should have been given. Froehly v. Ins. Co., 32 Mo. App. 302.

BENSON & PERRY and L. M. PHIPPS for respondents.

(1) The court did not err in admitting evidence concerning the knowledge of Kelso & Spafford as to the value of the land and the incumbrances against it. Trundle v. Ins. Co., 54 Mo. App. 188; Hayward v. Ins. Co., 52 Mo. 192; George v. Railroad, 40 Mo. App. 446; Chouteau v. Allen, 70 Mo. 341. (2) The application contained a marginal note, that the company did not insure buildings where stovepipe

entered the flue from the bottom. But other notes and statements on the application showed that they did insure them under certain circumstances. Wooldridge v. Ins. Co., 69 Mo. App. 413; Parsons v. Ins. Co., 132 Mo. 590; Nixon v. Ins. Co., 69 Mo. App. 351; Scott v. Ins. Co., 69 Mo. App. 337; Mining Co. v. Ins. Co., 62 Mo. App. 297; Williams v. Ins. Co., 73 Mo. App. 607; Coyle v. Ins. Co., 2 Mo. App. Reporter, 259; Shell v. Ins. Co., 60 Mo. App. 649. (3) And in this state the doctrine of waiver and estoppel has been applied with full force and rigor to the contract of a town mutual insurance company, such as the defendant claims to be. Williams v. Ins. Co., 73 Mo. App. 607; Coyle v. Ins. Co., 2 Mo. App. Reporter, 259.

ELLISON, J.—This action is on a fire insurance policy. Plaintiff recovered in the trial court.

The evidence disclosed that the application signed by plaintiff contained false statements as to the amount of incumbrances on the property, and as to the cash value of the property. It also made a false statement as to the chimneys—stating they were built from the ground up, when in fact, they were built from the upper joist. On the margin of the application was printed, in large type: "We do not insure property where stovepipe enters brick chimney from the bottom, as they are very dangerous."

But the evidence further disclosed that the application was written by defendant's agent, that they knew all about the property and how the chimneys were built; that they made the loans as agents for the parties who held the incumbrances on the property. This, we think, estops the insurance company from claiming exemption from liability by reason of statements made in the application.

INSURANCE: agent writing application: estoppel.

.But it is insisted that the agents' authority was limited by the terms of the application printed on the margin

——: limitations of agent's authority.

thereof, as above set out, to insuring buildings with brick chimneys built from the ground. But it was shown by other portions of the application, that this was a misstatement, for it is stated that the company will insure buildings out of that class by the assured agreeing to build brick flues.

The printed matter here was not like that in Mensing v. Ins. Co., 36 Mo. App. 602. There the agent's authority was limited to the insurance of "farmhouses, barns, and outbuildings; private dwellings and private barns in towns" and "no authority is given any agent to take any application on any other class of property." In the face of this, the agent insured a *boarding house and saloon*.

——: policy limiting authority to waive.

Again it is brought to our attention that the policy itself contained a stipulation: "No person shall have power to waive any of the conditions of this contract except the secretary, who is the general manager of the underwriting department, and then only in writing signed by such officer and attached to and made a part thereof." This, however, necessarily referred to matters transpiring *after* the provision went into effect, which would be, of course, subsequent to issuing the policy. Nixon v. Ins. Co. 69 Mo. App. 351; Wooldridge v. Ins. Co., 69 Mo. App. 413; Williams v. Ins. Co., 73 Mo. App. 607.

The case here is unlike that of Shoup v. Ins. Co., 51 Mo. App. 286, and Lama v. Ins. Co., 51 Mo. App. 447; there the limitation of agents' authority was in the application and policy. The policy provided that it should be void if the assured "has" made the misrepresentations. This, and other portions of the policy, refers to the applications. The policy also refers to certain conditions of title and stipulates that if they are otherwise than as represented the policy shall be void. The wording of the terms of the applications and policies in the Shoup and Lama and Mensing

cases put them out of the class of cases to which this belongs; while the application and policy in this case puts it in the class of cases to which Thomas v. Ins. Co., 20 Mo. App. 150, and Shell v. Ins. Co., 60 Mo. App. 644, belong.

But it is suggested by defendant that the knowledge which the defendant's agents had was not acquired by them during the course of their agency for defendant. The fact is the knowledge of the agents of the incumbrances was acquired by them during the negotiation for the insurance. The loans and insurance were practically negotiated together. So, therefore, the knowledge of the agents, if not contemporaneous with the application, was so recent as to be deemed present in their minds. Hayward v. Ins. Co., 52 Mo. 190; Trundle v. Ins. Co., 54 Mo. App. 196; George v. Railway, 40 Mo. App. 446; Wade on Notice, sec. 689. There is a class of cases where knowledge of an agent dealing for himself, or where the business is antagonistic to that of his principal, will not be attributed to the principal. Johnston v. Shortridge, 93 Mo. 227; Bank v. Lovitt, 114 Mo. 519; Hyde v. Larkin, 35 Mo. App. 366. So, also, if he be the agent of two principals who are dealing with each other, his knowledge will not be attributable to either *in a transaction in which he did not represent them.* Benton v. Bank, 122 Mo. 332.

*—: knowledge of agent: dual agency.*

Defendant complains of the refusal of its third instruction which told the jury that defendant, being a mutual insurance company, its agents could not waive or modify any of the terms of the policy. This was rightfully refused. There was nothing in the policy in suit, as has been already shown, which prevented a waiver by agents as in any other company. The case is unlike that of Froehly v. Ins. Co., 32 Mo. App. 302. There is nothing in that case which would not permit the same general principles as to waiver and

*—: mutual company: knowledge: estoppel.*

estoppel by the knowledge and conduct of agents, as apply to ordinary companies. And such is the rule. 1 May on Ins., secs. 139-143. It has been applied to mutual companies, though without comment, in Williams v. Ins. Co., 73 Mo. App. 607; Cagle v. Ins. Co. (not yet reported).

Some objections are made to the court's modifying defendant's instructions but no exceptions seemed to have been saved.

After a full examination of the record we conclude the judgment should be affirmed. All concur.